■ NAP SNACKS CORP., Respondent, v MARVIN H. GREENE, Appellant.—In an action, *inter alia,* for an injunction prohibiting the defendant landlord from terminating the plaintiff tenant's lease of a demised premises, the defendant appeals from a judgment of the Supreme Court, Kings County (Pino, J.), dated July 17, 1985, which, after a nonjury trial, granted the relief requested.

Judgment affirmed, with costs.

It appears that the use to which the plaintiff is putting the demised premises comports with the uses permitted under the terms of the lease. The trial court was thus correct in enjoining the landlord from interfering with that use. This is particularly so in view of the fact that the tenant's business was maintained on the premises for several years without objection by the landlord, which objection could well have been asserted at the time that the tenant, at its own expense, completely renovated the premises for its present use. Thompson, J. P., Rubin, Eiber and Spatt, JJ., concur.

■ ONCOLOGICAL ASSOCIATES, P. C., Respondent, v NCB COLLECTION SERVICES, INC., Appellant.—In an action for an accounting, the defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Pittoni, R.), entered April 17, 1984, as, after a hearing, awarded the plaintiff the sum of $4,426.07, and dismissed its counterclaim.

Judgment affirmed insofar as appealed from, with costs.

The evidence presented at the hearing supports the Referee's determination that the defendant owed the plaintiff the sum of money which was awarded. We find no basis in the record to warrant disturbing that award. In addition, we find that the Referee properly dismissed the defendant's counterclaim. There was no evidence presented at the hearing in support of the counterclaim. Indeed, the only evidence at the hearing which had any relation to the counterclaim was the testimony of the plaintiff's witness to the effect that the plaintiff did not collect any insurance proceeds with respect to the claims at issue. As this testimony was directly at odds with the defendant's position, and the defendant presented no evidence to the contrary, it was proper for the Referee to dismiss the counterclaim. Mollen, P. J., Lazer, Thompson and Kunzeman, JJ., concur.