■ THIRTY-THIRD EQUITIES COMPANY LLC, Respondent, v AMERICO GROUP, INC., Appellant. [743 NYS2d 10] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered November 8, 2001, which, in an action to recover use and occupancy, granted plaintiff landlord's motion for summary judgment and dismissed defendant's counterclaims, unanimously affirmed, without costs.

The tenant argues that the landlord's acceptance of rent payments after expiration of the five-year lease term at the same monthly rate as the tenant paid during the lease term established the tenant as a month-to-month tenant not subject to the lease clause obligating it to pay use and occupancy of $2\frac{1}{2}$ times the monthly rent if it held over. The argument disregards that the use and occupancy rate was not to take effect for a limited period of time after lease expiration if a new lease was then being negotiated, during which monthly payments were to be made at the lease rate. In contrast to the case that the tenant cites in support of the proposition that postlease acceptance of rent can result in a month-to-month tenancy even though the lease contains a holdover clause (*10 W. 46th Assoc. & GHH Assoc. v Gumuchdjian Fils*, Sup Ct, Nassau County, June 20, 2000, Index No. 07929/99), here the landlord purported to comply with the holdover clause by giving the tenant advance notice of its intention to begin treating the tenant as a holdover, does not seek to apply the holdover clause retroactively for the months prior to such notice, and never attempted to impose a proposed new lease by billing the proposed new rent. We note the lease clause barring oral modifications and waivers (*see*, General Obligations Law § 15-301). We also reject the tenant's claim that the holdover clause in question constitutes an unenforceable penalty, given no evidence that the projection of a 250% increase in rent was unreasonable, and also given that the premises were in fact rented to a new tenant in an amount approximating a 250% increase (*see*, *Truck Rent-A-Center v Puritan Farms 2nd*, 41

NY2d 420, 424-425). Concerning the predisclosure dismissal of the tenant's counterclaims for return of its security deposit and recovery of allegedly excessive payments for electrical charges, the tenant's claim that facts essential to justify such counterclaims may exist but cannot presently be stated should have been raised before the IAS court after it gave notice of its intention to treat the landlord's motion to dismiss the counterclaims as a motion for summary judgment, and we decline to consider the claim for the first time on appeal. On the record before us, the counterclaims lack merit and were properly dismissed. Concur—Tom, J.P., Andrias, Rubin, Friedman and Marlow, JJ.