OPINION OF THE COURT
Barbara R. Kapnick, J.
Plaintiff the League of Arab States (the League) seeks a judgment (i) declaring that it is not responsible for payment to its landlord, defendant 4 Third Avenue Leasehold, LLC, for any of the costs of additional security provided by defendant for the subject building located at 747 Third Avenue, including plaintiffs leased premises on the 35th floor, in the wake of the September 11, 2001 terrorist attacks, and (ii) granting a permanent injunction enjoining defendant from attempting to cancel its lease for the premises based upon its refusal to pay defendant for the costs of the additional security measures taken by defendant.
Defendant has asserted counterclaims for additional rent based on fees and expenses incurred as a result of the ad *52 ditional security provided and for unjust enrichment[1] based on its contention that plaintiff is obligated to reimburse it for fees expended in providing the additional security pursuant to article 3 of the lease which provides, in relevant part, as follows:
“Section 3.03. All costs and expenses, adjustments and payments, which Tenant assumes or agrees or is obligated to pay to Landlord pursuant to this Lease, .and/or its schedules shall be deemed additional rent and, in the event of nonpayment, Landlord shall have all the rights and remedies with respect thereto as herein provided for in case of nonpayment of Fixed Rent.”
Defendant further alleges that plaintiff has created a nuisance in violation of article 5 of the lease which provides, in relevant part, as follows:
“Section 5.02. Tenant shall not suffer or permit the Demised Premises or any part thereof to be used in any manner, or anything to be done therein, or suffer or permit anything to be brought into or kept in the Demised Premises which would in any way * * * (iv) constitute a public or private nuisance * * * ”
Plaintiff now moves for an order granting summary judgment on its complaint for declaratory and injunctive relief and dismissing defendant’s counterclaims.
Defendant opposes the motion and cross-moves for summary judgment on its first and second counterclaims.
There is no dispute that the League’s Ambassador to the United Nations notified defendant of the fact that the League had received bomb threats and death threats after September 11, 2001. By letter dated September 17, 2001, defendant’s managing agent notified plaintiff that additional security measures were being undertaken by the landlord and advised plaintiff that “there will be a charge for this until this matter is rectified and the concern is eliminated.”[2] Plaintiff, however, claims that it objected to being singled out and charged additional rent as a result of the increased security, which it thought was unnecessary.
*53 Defendant subsequently forwarded invoices to plaintiff for the additional security and served a five-day notice to cure dated December 10, 2001 upon plaintiff alleging that plaintiff “violated a substantial obligation of [its] tenancy, in that without permission of the landlord and in violation of Article 3 of [its] lease agreement dated March 1, 1983, and the Amendment and Extension of Lease dated May 27, 1993,” it failed to pay the sum of $79,027.50 as additional rent.
By letter dated December 14, 2001, the League’s Ambassador, Dr. Hussein Hassouna, reiterated plaintiffs position that “these special security services are not needed, should be promptly discontinued and that [plaintiff] should not be requested to cover their cost.”
Although the lease permits the landlord to assess additional charges above the fixed rent under certain circumstances — i.e., an “Operating Expense Adjustment” based on an increase in the “Wage Rate” and a “Real Estate Tax Adjustment,” as those terms are defined in the lease — the lease contains no provision which can be interpreted, as defendant would urge, to obligate the League to pay for the costs of additional security.
Defendant alternatively argues that plaintiff is in default of its lease obligations by creating a nuisance and causing a risk of danger to the building and to its tenants and visitors. Specifically, defendant contends that the mere presence of the League poses a safety risk given the number of individuals and groups which wish to seek vengeance against Arabs and/or Muslim groups and organizations.
“[O]ne is subject to liability for a private nuisance if his conduct is a legal cause of the invasion of the interest in the private use and enjoyment of land and such invasion is (1) intentional and unreasonable, (2) negligent or reckless, or (3) actionable under the rules governing liability for abnormally dangerous conditions or activities.” (Copart Indus. v Consolidated Edison Co., 41 NY2d 564, 569 [1977], rearg denied 42 NY2d 1102 [1977] [citations omitted].)
Defendant, however, has failed to point to any “conduct” on the part of plaintiff which is a “legal” cause of the threats, other than its lawful possession of the leased premises.
Accordingly, based on the papers submitted and the oral argument held on the record on July 31, 2002, plaintiffs motion for summary judgment on its complaint for declaratory *54 and injunctive relief and dismissing defendant’s counterclaims is granted in all respects, and defendant’s cross motion for summary judgment is consequently denied.

. Defendant has also asserted a counterclaim for attorneys’ fees pursuant to the terms of the lease.

. The increased security measures provided by defendant for the building included reserving an elevator for the League’s exclusive use and placing a guard thereon, posting guards outside plaintiffs office and installing additional security cameras on the 35th floor.