■ INTERNATIONAL BUSINESS MACHINES CORPORATION, Appellant, v JOSEPH STEVENS & Co., L.P., Respondent. [754 NYS2d 233] —Order, Supreme Court, New York County (Helen Freedman, J.), entered May 8, 2002, which, to the extent appealed from, upon the grant of renewal, adhered to the judgment, same court (Ira Gammerman, J.), entered February 28, 2002, which, upon the denial of plaintiff's motion for summary judgment and the grant of defendant's cross motion for summary judgment, dismissed the complaint, unanimously affirmed, with costs. Appeal from the February 28, 2002 judgment unanimously dismissed, without costs, as superseded by the appeal from the subsequent order.

In this action, plaintiff sublessor seeks to recover damages for defendant sublessee's alleged failure to vacate the subleased premises at the expiration of the sublease term. Defendant has countered that it did not wrongfully hold over since a month-to-month tenancy was created by reason of plaintiff's acceptance of rent subsequent to the expiration of the sublease.

Plaintiff's appellate contention that defendant, as plaintiff's sublessee, had no greater rights than did plaintiff under the purportedly expired prime lease, and that defendant therefore had no legal basis upon which to claim the creation of a month-to-month tenancy, was not raised in plaintiff's motion for summary judgment, and is not properly raised for the first time on appeal (*cf. Chateau D'If Corp. v City of New York*, 219 AD2d 205, 209, *lv denied* 88 NY2d 811). In any event, were we to consider this contention, we would find it unavailing since it is not established in the record that the prime lease was in fact

terminated at the time the month-to-month tenancy allegedly came into being. Further, even if the prime lease had terminated at that time, that would not have precluded the creation of a tenancy by sufferance legitimizing defendant's continued occupation of the premises originally subleased from plaintiff (*see Lippe v Professional Surgical Supply Co.*, 132 Misc 2d 293).

Plaintiff's receipt and retention of defendant's January rent check was properly found to constitute "acceptance" of rent sufficient to create a month-to-month tenancy, especially since plaintiff deposited the check and made no attempt to refund the payment to defendant until several weeks after its agent had received it, after defendant raised the defense in an eviction proceeding that a month-to-month tenancy had been created. Moreover, while plaintiff argues on appeal, apparently for the first time, that its deposit of the rent check was inadvertent, it has neither supported that claim factually nor contended that it ever offered such an explanation to defendant (*see Roxborough Apt. Corp. v Becker*, 176 Misc 2d 503, 505). Concur—Williams, P.J., Mazzarelli, Buckley and Marlow, JJ.