■ PEARTREE ASSOCIATES, LLC, Appellant, v RICHARD J. NACLERIO et al., Respondents, et al., Defendant. [756 NYS2d 551] —Order, Supreme Court, Bronx County (Joseph Giamboi, J.), entered on or about January 7, 2002, which, in an action for breach of an option agreement to purchase real property, upon conversion of defendant seller's motion to dismiss to a motion for summary judgment, granted defendant seller summary judgment dismissing the complaint, unanimously affirmed, without costs.

The option agreement provided that the option had to be exercised in writing within six months, during which time

plaintiff buyer was to pay defendant seller a nonrefundable $1,000 a month, and that plaintiff could extend the option for an additional six months, with monthly payments increased to $2,000, upon written notice given at least 30 days prior to the expiration of the first six-month period. The option agreement also specified some terms of the contemplated contract of sale, most notably the purchase price, with other terms to be negotiated in good faith. Plaintiff did not exercise the option within six months or give the written notice necessary to extend the option another six months. Nevertheless, upon expiration of the first six months, plaintiff tendered, and defendant seller accepted, monthly payments of $2,000. Such $2,000 monthly payments continued for some eight months after the second option period would have expired, until defendant seller Naclerio sold the property to defendant Justus Realty, LLC. In subsequent negotiations, defendant Justus proposed to plaintiff a contract of sale at a purchase price less than that specified in the option agreement, but the negotiations were unsuccessful, and defendant Justus sold the property to a third party.

Plaintiff admits that it never exercised the option in the manner required by the written option agreement, but asserts that defendant Naclerio orally agreed to modify that agreement so as to extend the option period, reduce the purchase price and do away with the requirement that the extension and exercise of the option be in writing. Plaintiff argues that such oral agreement should be enforced, notwithstanding the statute of frauds (General Obligations Law § 5-703 [2]), because of its $2,000 monthly payments. The argument lacks merit. The $2,000 payments at best show only an oral agreement to hold the option open, are entirely compatible with the purchase price contained in the original option agreement, and are not unequivocally referable to the reduced purchase price contained in the alleged oral agreement (*see Messner Vetere Berger McNamee Schmetterer Euro v Aegis Group*, 93 NY2d 229, 235-236 [1999]; *cf. Rose v Spa Realty Assoc.*, 42 NY2d 338, 344, 345-346 [1977]). Thus, the proposed written contract drafted by defendant Justus would not avail plaintiff even if it were persuasive evidence of the alleged oral agreement. The question is not the existence of the alleged oral agreement but whether its enforcement is necessary to prevent injustice by fraud (*see Messner* at 235-236). Nor is there merit to plaintiff's unpleaded alternative claim seeking enforcement of the option at the original purchase price. Plaintiff never did exercise the option in writing, and the $2,000 payments are not unequivocally referable to the alleged oral agreement to permit an oral exercise thereof. Concur—Buckley, J.P., Sullivan, Rosenberger and Marlow, JJ.