■ THE LEAGUE OF ARAB STATES, Respondent, v 4 THIRD AVENUE LEASEHOLD, LLC, Appellant. [768 NYS2d 604]—

Order and judgment (one paper), Supreme Court, New York County (Barbara Kapnick, J.), entered February 10, 2003, which, upon the parties' respective motions for summary judgment, inter alia, declared that plaintiff tenant is not responsible for certain security costs incurred by defendant landlord, unanimously affirmed, without costs.

Defendant implemented additional security measures at its building after plaintiff, an organization of Arab states with permanent observer status to the United Nations, received bomb and death threats shortly after September 11, 2001. Defendant now seeks to recover these additional security costs from plaintiff on the ground that plaintiff's tenancy in its building created a safety risk and was thus a nuisance. The IAS court correctly rejected this claim on the ground that defendant fails to point to any conduct on plaintiff's part constituting the "legal cause" of the threats other than its lawful possession of the leased premises (quoting *Copart Indus. v Consolidated Edison Co.*, 41 NY2d 564, 569 [1977]). Rather, the risk to other tenants from the threats to blow up defendant's building, i.e., the invasion of their interest in the use and enjoyment of their leaseholds (*see id.*), was caused by third parties not under plaintiff's control (*compare Frank v Park Summit Realty Corp.*, 175 AD2d 33 [1991], *mod on other grounds* 79 NY2d 789 [1991]). Plaintiff had no obligation to accept defendant's offer of alternate space (*cf. Nap Snacks Corp. v Greene*, 122 AD2d 28 [1986]), or to provide its own security, or to contact the United States Department of State for assistance. As landlord, defendant had the duty in the first instance to provide security (*see Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 548 [1998]). While a landlord and tenant can agree that the tenant will assume the landlord's duties (*see e.g. Morel v City of New York*, 192 AD2d 428 [1993]), nothing in the detailed, lengthy lease, which provides for "additional rent" in many other circumstances and contains an integration clause, indicates that plaintiff agreed to be responsible for security costs. We have considered and rejected defendant's other arguments. Concur—Saxe, J.P., Sullivan, Rosenberger, Friedman and Gonzalez, JJ. [*See* 194 Misc 2d 51.]