**4 THIRD AVENUE LEASEHOLD, LLC, Plaintiff–Appellant,**

v.

**PERMANENT MISSION OF THE UNITED ARAB EMIRATES TO THE UNITED NATIONS, Defendant–Appellee.**

No. 03–7396–CV.

United States Court of Appeals, Second Circuit.

May 24, 2005.

Abner Zelman (Saul D. Bruh, Kucker & Bruh, LLP, New York, NY, on the brief), for Plaintiff–Appellant.

Claire Delelle (Haig V. Kalbian, Kalbian Hagerty, L.L.P., Washington, DC; James R. Lynch, Flemming, Zulack & Williamson, LLP, New York, NY, on the brief), for Defendant–Appellee.

PRESENT: WINTER, SOTOMAYOR, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant 4 Third Avenue Leasehold, LLC appeals from a judgment of the United States District Court for the Southern District of New York (Hellerstein, J.), entered December 23, 2002, dismissing plaintiff's cause of action seeking additional rent for enhanced security measures, and a judgment entered April 7, 2003, and granting summary judgment in favor of defendants on plaintiff's remaining causes of action. We assume the parties' familiarity with the facts and procedural background of this action.

The district court properly applied New York law in dismissing the first cause of action. *See League of Arab States v. 4 Third Ave. Leasehold, LLC,* 2 A.D.3d 318, 768 N.Y.S.2d 604 (1st Dep't, 2003) (affirming lower court's summary judgment on identical issue, stating that lower court "correctly rejected this claim on the ground that defendant fails to point to any conduct on plaintiff's part constituting the 'legal cause' of the threats other than its lawful possession of the premises"), *lv. to appeal denied,* 3 N.Y.3d 605, 785 N.Y.S.2d 21, 818 N.E.2d 663 (2004).

The district court, however, erroneously applied New York law in granting summary judgment to defendants on plaintiff's claim for liquidated damages. The lease's liquidated damages provision stated: "Tenant will pay Landlord as liquidated damages for each month and for each portion of any month during which Tenant holds over in the Demised Premises of this Lease, a sum equal to three times the average rent and additional rent which was payable per month...." We cannot agree with the district court that the plaintiff, in accepting and cashing the April rent check, waived this provision. Although a landlord normally waives its entitlement to use and occupancy damages from holdover upon accepting a rent check, *see, e.g., Int'l Bus. Machines Corp. v. Joseph Stevens & Co. L.P.,* 300 A.D.2d 222, 223, 754 N.Y.S.2d 233 (1st Dep't 2002), under New York law any waiver inferred from accepting rent cannot "frustrate the reasonable expectations of the parties embodied in a lease when they have expressly agreed otherwise," *Jefpaul Garage Corp. v. Presbyterian Hosp.,* 61 N.Y.2d 442, 446, 474 N.Y.S.2d 458, 462 N.E.2d 1176 (1984). Here, the lease expressly provided that "any endorsement or statement on a check or any letter accompanying any check or payment as rent shall [not] be deemed an accord and satisfaction, and Landlord may accept such check or payment without prejudice to Landlord's right to recover the balance of such rent or pursue any other remedy in this Lease provided." In light of this provision and the fact that "the landlord purported to comply with the holdover clause by giving the tenant advance notice of its intention to begin treating the tenant as a holdover," the liquidated damages provision must apply. *Thirty–Third Equities Co. LLC v. Americo Group,* 294 A.D.2d 222, 222, 743 N.Y.S.2d 10 (1st Dep't 2002).

Moreover, the district court erred in concluding that the liquidated damages

provision was an unenforceable penalty. The New York Court of Appeals has recently cautioned courts against interfering with liquidated damages provisions. *JMD Holding Corp. v. Congress Fin. Corp.*, 4 N.Y.3d 373, 381, 795 N.Y.S.2d 502, 828 N.E.2d 604 (2005) (citing *XCO Int'l, Inc. v. Pacific Scientific Co.*, 369 F.3d 998, 1002 (7th Cir.2004) ("The rule [against penalty clauses] hangs on, but is chastened by an emerging presumption against interpreting liquidated damages clauses as penalty clauses.")). It is well-settled that "[a] contractual provision fixing damages in the event of breach will be sustained if the amount liquidated bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation." *Truck Rent–A–Center, Inc. v. Puritan Farms*, 41 N.Y.2d 420, 425, 393 N.Y.S.2d 365, 361 N.E.2d 1015 (1977). As the opponent of the liquidated damages clause defendant bears the burden of demonstrating that damages were "readily ascertainable" or "conspicuously disproportionate to [the] foreseeable losses" "at the time the parties executed the [a]greement." *JMD Holding Corp.*, 4 N.Y.3d at 385, 795 N.Y.S.2d 502, 828 N.E.2d 604. Defendant has not put forward sufficient evidence to make either showing to succeed on summary judgment. *See Thirty–Third Equities*, 294 A.D.2d at 222, 743 N.Y.S.2d 10; *Federal Realty Ltd. v. Choices Women's Med. Ctr.*, 289 A.D.2d 439, 440–42, 735 N.Y.S.2d 159 (2d Dep't 2001).

Because we vacate the district court's grant of summary judgment with respect to liquidated damages, we also vacate the district court's dismissal of plaintiff's derivative action for attorneys fees. We note that the lease provides that the landlord is due attorneys fees generated "instituting, prosecuting, or defending any action or proceeding" "in connection with" any "default in the observance or performance of any term or covenant." Plaintiff's second cause of action was instituted in connection with defendant's default on its obligation to surrender the premises in a timely manner. On remand, the district court should consider the issue of attorneys fees in connection with the use and occupancy claim, but not in connection with the breach of contract claim, the dismissal of which we have affirmed in this summary order.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED in part and VACATED and REMANDED in part to the district court for proceedings consistent with this summary order.