■ TERI-NICHOLS INSTITUTIONAL FOOD MERCHANTS, LLC, Respondent-Appellant, v ELK HORN HOLDING CORP., Appellant-Respondent. [883 NYS2d 31]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered June 9, 2008, which denied defendant landlord's motion for summary judgment dismissing the complaint and on its counterclaims, and denied plaintiff's cross motion for summary judgment dismissing the counterclaims, unanimously modified, on the law, defendant's motion for summary judgment granted to the extent of dismissing the complaint, declaring the alleged oral lease unenforceable, and awarding defendant $147,919.61 on its second counterclaim, awarding partial summary judgment on its first counterclaim and remanding for a hearing to determine fair and reasonable legal fees due defendant, and otherwise affirmed, without costs.

The parties' sublease expressly made the provisions of the overlease applicable to the sublease. Accordingly, plaintiff's claim that upon expiration of the written sublease there was an oral agreement making it a month-to-month tenant, rather than a holdover tenant, is barred by the express terms of the "no oral modification" and "no waiver" clauses in the lease (see *Richardson & Lucas, Inc. v New York Athletic Club of City of N.Y.*, 304 AD2d 462 [2003]). There is no evidence of partial per-

formance that is unequivocally referable to the alleged oral agreement, as plaintiff was in possession pursuant to a sublease that provided for its holdover stay (*see e.g. id.*; *Peartree Assoc. v Naclerio*, 303 AD2d 210 [2003]). It is of no consequence that defendant billed plaintiff for the expired rent for one month as opposed to the holdover rate in view of the express "no waiver" provision of the lease, which states that receipt of a lesser rent shall not constitute a waiver of the landlord's rights (*see Elite Gold, Inc. v TT Jewelry Outlet Corp.*, 31 AD3d 338 [2006]).

Contrary to plaintiff's argument, the record reveals that defendant was the owner of the premises during the relevant period, and thus defendant has standing to enforce the holdover clause and seek legal fees in accordance with the written sublease. The holdover clause, providing for 1½ times the expired monthly rent for March and April 2006 and three times the expired monthly rent for May and June, is enforceable (*see e.g. id.*; *Thirty-Third Equities Co. v Americo Group*, 294 AD2d 222 [2002]; *Federal Realty Ltd. Partnership v Choices Women's Med. Ctr.*, 289 AD2d 439 [2001]). Therefore, defendant is entitled to summary judgment on those counterclaims to the extent indicated. Concur—Andrias, J.P., Sweeny, McGuire, Acosta and Richter, JJ.