Subway Real Estate Corp. v Jahedi (2023 NY Slip Op 04953)

Subway Real Estate Corp. v Jahedi

2023 NY Slip Op 04953

Decided on October 03, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2023

Before: Kern, J.P., Moulton, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 652369/17 Appeal No. 668 Case No. 2022-04186 

[*1]Subway Real Estate Corp., Plaintiff-Respondent,
v
Manijeh Jahedi, Defendant-Appellant.

Maryam Jahedi-Perez, New York, for appellant.
Kaufman & Kahn, LLP, New York (Robert L. Kahn of counsel), for respondent.

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered September 20, 2022, which granted plaintiff's motion for summary judgment on the complaint seeking $40,000 plus attorneys' fees under the parties' sublease, unanimously affirmed, without costs.
Contrary to defendant's contention, plaintiff's witness was competent to identify the business records in support of the motion, which were undisputed by defendant (see e.g. General Bank v Mark II Imports, 290 AD2d 240, 241 [1st Dept 2002]). That the witness was unaware of oral negotiations relating to the modification of the sublease did not warrant denial of the motion for the reasons discussed below.
Defendant failed to raise a question of fact as to whether there was an oral modification to the sublease to relieve defendant from liability for unpaid rent (see e.g. Teri-Nichols Inst. Food Merchants, LLC v Elk Horn Holding Corp., 64 AD3d 424, 424-425 [1st Dept 2009]). Aside from the sublease's express prohibition of oral modifications, General Obligations Law § 15-301(1) also prohibits a party from relying on oral modifications to a written agreement that has a term requiring modifications to be in writing.
We find defendant's reliance on the exception to General Obligations Law § 15-301(1) that arises when one party has performed on the oral agreement to be inapplicable here (see e.g. Rose v Spa Realty Assoc., 42 NY2d 338, 344 [1977]). Proof of repairs may qualify as performance on an oral modification in certain circumstances. Here, however, the surrender agreement stated that defendant agreed to surrender the premises and all interest in the furniture, fixtures, equipment, and other items in the store to plaintiff, and that the surrender did not serve to waive any of plaintiff's rights under the sublease. This surrender agreement directly contradicts defendant's assertion that plaintiff was, under the purported oral agreement, willing to forgo the $40,000 in unpaid rent in exchange for the performance of certain repairs (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]; see also Teri-Nichols Inst. Food Merchants, 64 AD3d 424, 425 [1st Dept 2009], lv dismissed 13 NY3d 904 [2009]). Accordingly, plaintiff's motion for summary judgment was properly granted.
We have considered defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2023