ST1 Realty LLC v Carroll (2025 NY Slip Op 00179)

ST1 Realty LLC v Carroll

2025 NY Slip Op 00179

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Moulton, J.P., Kapnick, Scarpulla, Mendez, O'Neill Levy, JJ. 

Index No. 811054/23 Appeal No. 3443 Case No. 2023-05896 

[*1]ST1 Realty LLC, Plaintiff-Appellant,
v
James Chris Carroll Also Known as James Carroll, Defendant-Respondent.

Rivkin Radler LLP, New York (Cheryl Korman of counsel), for appellant.

Order, Supreme Court, Bronx County (Leticia M. Ramirez, J.), entered on or about November 7, 2023, which denied plaintiff landlord's motion for summary judgment in lieu of complaint, unanimously reversed, on the law, the motion granted, and the matter remanded for a determination of damages.
In this action against a guarantor of two commercial leases, the landlord seeks to recover on guaranties associated with the leases after obtaining money judgments against the tenant in Civil Court proceedings. Initially, Supreme Court was a proper forum for this action, as guaranties may be enforced in Supreme Court by way of a CPLR 3213 motion for summary judgment in lieu of complaint (see DB 232 Seigel Mezz LLC v Moskovits, 223 AD3d 610, 611 [1st Dept 2024]). Although the landlord obtained Civil Court money judgments against the tenant in connection with the same properties, a landlord's action against a guarantor is not merged into a judgment in a summary holdover proceeding commenced under the lease of an underlying tenant (see APF 286 Mad LLC v Chittur & Assoc. P.C., 132 AD3d 610, 610 [1st Dept 2015]).
Additionally, he amounts of the claims exceed the general jurisdictional limits for Civil Court actions (New York City Civil Court Act § 202).
On the merits, the landlord established entitlement to summary judgment in connection with the guaranty by submitting proof of the existence of a guaranty or guaranties, the underlying debt, and the guarantor's failure to perform under the guaranties (see 27 W. 72nd St. Note Buyer LLC v Terzi, 194 AD3d 630, 630-631 [1st Dept 2021], lv denied 37 NY3d 913 [2021]). Plaintiff's managing agent averred that the tenant failed to pay the judgments or postjudgment use and occupancy required by the leases, and plaintiff thus established that defendant is liable for these amounts.
As to the underlying debt, the landlord submitted the Civil Court money judgments and orders against the tenant in connection with each property, representing all monies owed through March 1, 2023, thus establishing the guarantor's liability for the amounts of the money judgments (see Deco Towers Assoc., LLC v Fisch, 219 AD3d 1245, 1246 [1st Dept 2023]). Additionally, in his affidavit, the landlord's managing agent set forth the tenant's obligations for use and occupancy following entry of the money judgments through July 2023, which was exactly as alleged in the notice of motion (see Thirty-Third Equities Co. v Americo Group, Inc., 294 AD2d 222, 222 [1st Dept 2002]).
Because the landlord established prima facie entitlement to judgment and the guarantor did not oppose the motion or otherwise appear, the landlord is entitled to
summary judgment in its favor (see Jacobsen v New York City Health and Hosps. Corp., 22 NY3d 824, 833 [2014]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025