■ Tov KNITTING MILLS, INC., et al., Respondents, v STARR REALTY COMPANY, Appellant.—In an action for, *inter alia,* a preliminary injunction and declaration of the rights of the parties under a lease, the defendant landlord appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Bambrick, J.), dated January 22, 1988, as granted its motion for summary judgment on its counterclaim only to the extent of awarding unpaid rent.

Ordered that the order and judgment (one paper) is affirmed insofar as appealed from, with costs.

The plaintiff Tov Knitting Mills, Inc. (herinafter ·Tov) and Saxon Industries entered into a lease for premises located on the fifth floor of 30-28 Starr Avenue in Long Island City, for a period commencing September 1, 1977, and ending August 31, 1987, at the annual rental rate of $30,625 until August 31, 1982, and, thereafter, $36,750 until August 31, 1987. Paragraph 2 of that lease provided that the "Tenant shall use and occupy demised premises for the operation of textile knitting machines and general offices, and for no other purpose". Tov's business involved manufacturing, producing, storing and shipping finished textile products. Tov utilized knitting machines at the premises for that purpose.

On or about February 29, 1984, the plaintiff Trans World Surplus, Inc. (hereinafter Trans World), a tenant on the fourth floor of the same building, acquired Tov. Tov agreed to remove its knitting machinery or equipment from the premises. Thereafter, Trans World, which sold general merchandise, including housewares, textile merchandise and various discount items to wholesalers, used the fifth-floor premises to store its products. On May 8, 1984, the defendant purchased the premises from Saxon Industries, Inc. during a bankruptcy proceeding. On or about May 15, 1984, the defendant sent a "five day notice to cure" to the plaintiffs because they were "not using the space for the operation of textile knitting machines", thus indicating that Trans World was violating the restrictive covenant in paragraph 2 of the lease.

The plaintiffs commenced this action seeking, *inter alia,* a permanent injunction against the defendant from terminating the lease or commencing eviction proceedings and a judgment declaring that the use of the premises did not violate the terms of the lease. The defendant counterclaimed for $400,000 in damages, which represented the difference between the rent reserved under the lease and the fair market rental

value of the premises. Upon the plaintiffs' motion for a preliminary injunction, the court directed them to post an undertaking and granted the motion on or about July 3, 1984. Trans World vacated the premises on March 31, 1986. On July 2, 1987, the parties entered into a stipulation of agreed facts. Thereafter, the defendant moved for summary judgment on its counterclaim and contended that it was entitled to the additional rent it lost because of the allegedly wrongful granting of a preliminary injunction in 1984 (CPLR 6312 [b]; 6315).

We agree with the court that the defendant cannot collect as damages the difference between the rent reserved and the current fair market rental. The rights and duties of landlord and tenant and their successors and assigns are established by the terms of their contract. In an action by a landlord for breach by the tenant of a lease, the amount of the damage, prima facie, is the rent reserved (see, 812 Park Ave. Corp. v Pescara, 268 App Div 436, affd 294 NY 792; see also, Bruson Hgts. Corp. v State of New York, 281 App Div 371, 377). The subject lease provides, in relevant part, that "if tenant defaults in fulfilling any of the covenants of this lease * * * or if the demised premises become vacant or deserted * * * Tenant or the legal representatives of Tenant shall * * * pay Landlord as liquidated damages * * * any deficiency between the rent hereby reserved and/or covenanted to be paid and the net amount, if any, of the rents collected on account of the lease or leases of the demised premises for each month of the period which would otherwise have constituted the balance of the term of this lease". It is undisputed that Trans World paid rent until it vacated the premises on March 31, 1986, and the landlord did not relet the space. The court properly concluded that the defendant was only entitled to the rent reserved to the end of the lease term as set forth in the quoted portions of the lease. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.