■ THELMA RAIDER, as Coexecutor and Trustee of SAMUEL FASSLER, Deceased, Respondent, v ALAN FRIEDMAN et al.,

Appellants.—Order, Supreme Court, New York County (William Davis, J.), entered on or about January 5, 1990, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Plaintiff commenced this action for breach of contract, negligence, and accounting malpractice. Plaintiff is coexecutor of decedent's estate and trustee of certain trusts set up under the will. Defendants are the accountants who represented the estate, although it is disputed whether that representation terminated in August 1985 or March 1986. As the accountants for the estate, defendants had the responsibility of paying bills, including taxes, on a parcel of realty, or else informing plaintiff that such bills were due and owing. Tax bills were not paid and the City of New York seized the property by an in rem proceeding in October of 1985. Defendants allege that plaintiff was on notice of the tax arrears as of August 1985. However, plaintiff denies this allegation. Plaintiff had retained counsel to redeem the property as of right but it is generally agreed by both parties that counsel gave incorrect advice, with the result that redemption as of right was precluded. Plaintiff pursued CPLR article 78 relief but was unsuccessful.

It is well established that the existence of unresolved factual issues precludes the granting of summary judgment *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395). We have noted that "[i]ssues of negligence, foreseeability and proximate cause involve the kinds of judgmental variables which have traditionally, and soundly, been left to the finders of fact to resolve even where the facts are essentially undisputed" *(Rotz v City of New York,* 143 AD2d 301, 304). Despite defendants' contention to the contrary, the issues of fact herein are not undisputed. It will be necessary for a trial to resolve questions of proximate causation, superseding causation and damages. We have examined defendants' remaining contentions, and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Asch, Smith and Rubin, JJ.