■ 150/160 ASSOCIATES, Respondent, v MOJO-STUMER ARCHITECTS, INC., P. C., Appellant.—In an action to recover rent due under a lease, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Brucia, J.), dated November 27, 1989, which granted the plaintiff's motion for summary judgment against the defendant in the principal sum of $56,300.01, and denied the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order and judgment is affirmed, with costs.

On June 19, 1987, the plaintiff, as landlord, and the defendant, as tenant, executed a 10-year lease commencing January 1, 1988, for a building located at 160 Great Neck Road in Nassau County. Sometime prior to October 1987 the defendant informed the plaintiff that it would not be taking possession of the premises as required by the lease. After notifying the defendant that it would be held responsible for all damages occasioned by its withdrawal from the lease, the plaintiff and another tenant executed a 10-year lease for the premises to commence on April 1, 1988. The new lease provided for a higher rent than the defendant would have paid under the original lease. The plaintiff brought this action seeking to recover damages for the period between January 1988 through March 1988 when the building was vacant. The Supreme Court granted the plaintiff's motion for summary judgment and awarded it the rent due for those three months.

Pursuant to Paragraph "17" of the defendant's lease, the defendant was in default if, *inter alia*, "the demised premises [became] vacant or deserted * * * or if Tenant [failed] to move into or take possession of the premises within fifteen (15) days after the commencement of the term of this lease". If the defendant did not cure the default after receiving notice of the specific default from the plaintiff, it was to remain liable under the lease. Paragraph "18" of the lease defined the plaintiff's remedies in case of default, including reletting the premises. The defendant was to pay as liquidated damages "any deficiency between the rent hereby reserved and/or covenanted to be paid and the net amount, if any, of the rents collected on account of the lease or leases of the demised premises for each month which would have otherwise constituted the balance of the term of this lease". Further, the failure of the plaintiff to relet the building would not release the defendant's liability for damages. Nor was the defendant entitled to recover any excess rents collected by the plaintiff. In case of the defendant's default, the plaintiff could also make any alterations necessary to relet the premises. Such alterations would not release the defendant from liability.

The Supreme Court granted the plaintiff's motion for summary judgment and, pursuant to the terms of the lease, determined that the defendant was obligated to pay rent to the plaintiff for the months of January through March 1988, the three months during which the premises had been vacant.

The plaintiff was entitled to treat the defendant's repudiation of the lease, prior to the commencement of its term, as an anticipatory breach of the lease and was, therefore, not required to tender performance or prove its ability to perform the contract *(see, American List Corp. v U.S. News & World Report,* 75 NY2d 38; *Allbrand Discount Liqs. v Times Sq. Stores Corp.,* 60 AD2d 568). The rights and duties of landlord and tenant and their successors and assigns are established by the terms of their contract *(see, Tov Knitting Mills v Starr Realty Co.,* 148 AD2d 526, 527). Under the facts of this case, the Supreme Court properly determined that the tenant had breached the lease and that the amount of damages was the three months rent *(see, 812 Park Ave. Corp. v Pescara,* 268 App Div 436, *affd* 294 NY 792; *Tov Knitting Mills v Starr Realty Co., supra).* Kunzeman, J. P., Kooper, Sullivan and Lawrence, JJ., concur.