■ LEXINGTON BUILDING Co. L.P., Respondent, v S-FER INTERNATIONAL CORPORATION, Appellant. [640 NYS2d 1]

Defendant does not claim that the lease which, *inter alia*, requires the tenant to indemnify the landlord against "any liability resulting from delay by Tenant in surrendering the Demised Premises upon the termination of this Lease as provided in Article 21, including any claims made by any succeeding tenant or prospective tenants founded upon such delay", was the result of a contract of adhesion, and, indeed, there is no indication that the provisions which defendant now challenges were "anything but the result of intensive negotiations between commercial parties of equal bargaining strength" (*Fifty States Mgt. Corp. v Pioneer Auto Parks*, 46 NY2d 573, 576).

Moreover, the law is clear that, in the absence of fraud or exploitive overreaching on the part of the landlord (*see, supra*, at 577), and where the amount liquidated bears a reasonable relation to the probable loss (*Truck Rent-A-Ctr. v Puritan Farms 2nd*, 41 NY2d 420, 424-425), there is no basis for a court to refuse to enforce the agreement of the parties. The lease does not authorize the imposition of a penalty and/or forfeiture that was not within the contemplation of the parties when they originally signed the lease. On the contrary, it was not unforeseeable as a matter of law that plaintiff would seek to lease the premises to another tenant and that, if it did so, there would likely be losses attributable to defendant's wrongful holdover. At the very least, even assuming that foreseeability is an issue in an action for indemnification, this is a question that should not be determined on a motion for dismissal pursuant to CPLR 3211 (*see, Raider v Friedman*, 162 AD2d 112). In any event, defendant has not demonstrated that plaintiff is seeking a sum that is grossly disproportionate to its actual loss from defendant's failure to vacate the premises in a timely manner.

We have considered defendant's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Ellerin, Rubin and Williams, JJ.