■ FEDERAL REALTY LIMITED PARTNERSHIP, Appellant, v CHOICES WOMEN'S MEDICAL CENTER, INC., Respondent. [735 NYS2d 159] —In an action to recover damages for breach of two commercial leases, the plaintiff appeals from an order of the Supreme Court, Queens County (Berke, J.), dated June 16,

2000, which, upon finding, as a matter of law, that the plaintiff could only recover liquidated damages pursuant to paragraph 44 (b) of the subject leases on its first and fourth causes of action, granted the defendant's motion for partial summary judgment dismissing the second, third, fifth, and sixth causes of action, and denied its cross motion for summary judgment dismissing the defendant's first, second, and third affirmative defenses, and the counterclaim sounding in fraud.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying those branches of the plaintiff's cross motion which were to dismiss the defendant's first and third affirmative defenses and its counterclaim sounding in fraud, and substituting therefor a provision granting those branches of the cross motion, and (2), upon searching the record, adding a provision thereto granting the plaintiff summary judgment on its first and fourth causes of action to recover damages for breach of paragraph 44 (b) of the lease agreements; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Pursuant to the terms of two leases and amendments thereto, the defendant rented space for a medical center and administrative offices in a building owned by the plaintiff. In paragraph 44 (b) of both leases, the defendant acknowledged its obligation to surrender the premises when the leases expired, and agreed to indemnify the plaintiff for all damages resulting from a delay in surrender, including "any claims made by any succeeding tenant." Paragraph 44 (b) then stated that "the damage to the Owner resulting from any failure by Tenant to timely surrender possession of the demised premises * * * will be substantial and will be impossible to accurately measure." In the event of a failure to timely surrender the premises, "the Tenant shall pay to Owner for each month and for each portion of any month during which Tenant holds over * * * a sum equal to three (3) times the aggregate of that portion of the fixed rent and additional rent which was payable under this lease during the last month of the term hereof." It is undisputed that although the leases expired on July 31, 1998, the defendant did not surrender the leased premises until on or about October 31, 1998.

On October 16, 1998, the plaintiff commenced this action seeking to recover damages for breach of the leases. In its first and fourth causes of action, the plaintiff sought to recover treble rent in accordance with paragraph 44 (b) of the leases. The plaintiff's second, third, fifth, and sixth causes of action additionally sought actual and consequential damages in excess

of the amounts provided for by paragraph 44 (b). In its answer, the defendant raised several affirmative defenses, including a first affirmative defense alleging that the plaintiff had breached its duty to mitigate damages, and a third affirmative defense alleging that paragraph 44 (b) was unenforceable to the extent that the liquidated damages were disproportionate to any actual damages sustained by the plaintiff. In addition, the defendant asserted a counterclaim sounding in fraud. The defendant thereafter moved for summary judgment dismissing the second, third, fifth, and sixth causes of action which sought damages in excess of those permitted by paragraph 44 (b) of the leases. The plaintiff countered by cross-moving for summary judgment, *inter alia*, to dismiss the defendant's counterclaim and the affirmative defenses relating to the enforceability of paragraph 44 (b) and mitigation of damages. The Supreme Court granted the defendant's motion for partial summary judgment, concluding that paragraph 44 (b) was an enforceable liquidated damages provision, and that the plaintiff could not recover actual and consequential damages in excess of the treble rent which the parties agreed upon. The court also denied the plaintiff's cross motion for partial summary judgment dismissing the defendant's counterclaim and affirmative defenses.

Contrary to the plaintiff's contention, the Supreme Court properly found that paragraph 44 (b) of the leases bars it from recovery of its alleged actual and consequential damages. Paragraph 44 (b) of the leases is a liquidated damages clause, which constitutes the amount of compensation the parties agreed "should be paid in order to satisfy any loss or injury flowing from a breach of their contract" (*Truck Rent-A-Ctr. v Puritan Farms 2nd,* 41 NY2d 420, 423-424). Such a provision is essentially an estimate, made by the parties at the time they enter into their agreement, of the extent of the injury that would be sustained as the result of a breach (*see, Truck Rent-A-Ctr. v Puritan Farms 2nd, supra,* at 424). Since the purpose of a liquidated damages clause is to prevent, in the event of a breach, any question as to the amount of damages that may be recovered, a clause which is reasonable precludes any recovery of actual damages (*see, Stevenson Corp. v County of Westchester,* 113 AD2d 918, 921; *X.L.O. Concrete Corp. v Brady & Co.,* 104 AD2d 181, 184-185, *affd* 66 NY2d 970). "This is so even though the stipulated sum may be less than the actual damages sustained by the injured party" (*Stevenson Corp. v County of Westchester, supra,* at 921). Here, the parties' leases contain provisions which clearly and unambiguously permit the plaintiff landlord to recover a reasonable amount of damages

for any injuries resulting from the failure to timely surrender the premises. Accordingly, the liquidated damages provisions are legally enforceable, and the Supreme Court properly dismissed the plaintiff's second, third, fifth, and sixth causes of action which seek damages in excess of those permitted by paragraph 44 (b).

In view of our determination that the liquidated damages clauses are enforceable, and in view of the defendant's conceded failure to timely vacate the premises when the leases expired, we exercise our authority to search the record and award summary judgment on the issue of liability to the plaintiff on its first and fourth causes of action seeking to recover treble rent in accordance with paragraph 44 (b) of the leases (*see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106). Furthermore, since the record is devoid of evidence that the amount of liquidated damages to which the parties agreed is grossly disproportionate to the plaintiff's actual loss from the defendant's failure to timely vacate the premises, the Supreme Court should have dismissed the defendant's third affirmative defense challenging the plaintiff's right to recover such damages (*see, Truck Rent-A-Ctr. v Puritan Farms 2nd, supra; Lexington Bldg. Co. v S-Fer Intl. Corp.,* 225 AD2d 406). In addition, our finding that the liquidated damages provisions are binding on both parties precludes a reduction in damages based upon the plaintiff's alleged failure to mitigate its actual and consequential damages. Thus, the defendant's first affirmative defense, alleging failure to mitigate damages, should be dismissed.

Finally, the Supreme Court erred in denying that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's counterclaim sounding in fraud. The counterclaim, which alleges that the plaintiff did not intend to carry out the terms of a certain oral agreement at the time it was made, is insufficient to support a claim for fraud (*see, Gupta Realty Corp. v Gross,* 251 AD2d 544; *Sforza v Health Ins. Plan,* 210 AD2d 214). Ritter, J. P., Krausman, S. Miller and Florio, JJ., concur.