■ DEER PARK ENTERPRISES, LLC, Respondent, v AIL SYSTEMS, INC., Now Known as EDO CORPORATION, Appellant. [870 NYS2d 89]—

We agree with the defendant's contention that the Supreme Court erred in denying that branch of its motion which was

pursuant to CPLR 3211 (a) (1) and (7) to dismiss the fourth cause of action of the amended complaint. That cause of action alleged that the defendant breached an implied covenant of good faith and fair dealing. A cause of action to recover damages for breach of the implied covenant of good faith and fair dealing cannot be maintained where the alleged breach is "intrinsically tied to the damages allegedly resulting from a breach of the contract" (*Canstar v Jones Constr. Co.,* 212 AD2d 452, 453 [1995]; *see Hawthorne Group v RRE Ventures,* 7 AD3d 320, 323 [2004]). Here, the conduct and resulting injury alleged in the fourth cause of action are identical to those alleged in the first two causes of action alleging breach of contract. Therefore, the fourth cause of action should have been dismissed as duplicative of the breach of contract causes of action (*see R.I. Is. House, LLC v North Town Phase II Houses, Inc.,* 51 AD3d 890, 896 [2008]; *TAG 380, LLC v ComMet 380, Inc.,* 40 AD3d 1, 8 [2007]).

However, contrary to the defendant's contention, the Supreme Court properly denied that branch of its motion which was to dismiss the fifth cause of action of the amended complaint. In essence, that cause of action alleged that, in breach of a purchase agreement and an attendant lease the parties executed, the defendant failed to timely mitigate certain environmental issues at the real property which was the subject of the agreements. The plaintiff alleged that as a result, it was hindered in its development plans for the property. The defendant moved to dismiss this cause of action on the ground that it was barred by what it contends was a liquidated damages provision in the parties' lease, which provided that if the defendant failed to comply with its environmental obligations prior to the date it surrendered the premises, it remained liable for rent until it did so.

A liquidated damages clause must "clearly and unambiguously" set forth "the amount of compensation the parties agreed 'should be paid in order to satisfy any loss or injury flowing from a breach of [the parties'] contract'" (*Federal Realty Ltd. Partnership v Choices Women's Med. Ctr.,* 289 AD2d 439, 441 [2001], quoting *Truck Rent-A-Ctr. v Puritan Farms 2nd,* 41 NY2d 420, 423-424 [1977]). Here, the provision the defendant relies upon simply provides, in relevant part, that "if [the] Tenant shall fail to obtain Material Closure of [its] Environmental Obligations prior to the Surrender date, then [it] shall pay to Landlord the Rent until such Material Closure is achieved." There is no indication that the language the parties chose for this provision was intended as an estimate of the "extent of the

injury that would be sustained" (*Federal Realty Ltd. Partnership v Choices Women's Med. Ctr.,* 289 AD2d 439, 441 [2001]), in the event of the defendant's breach of its environmental obligations, and certainly no indication that payment of the rent, by itself, would "satisfy any loss or injury flowing from [the] breach" of those obligations (*Truck Rent-A-Ctr. v Puritan Farms 2nd,* 41 NY2d at 423-424; *see Federal Realty Ltd. Partnership v Choices Women's Med. Ctr.,* 289 AD2d at 441-442). In fact, other provisions of the lease provide that the specific remedies provided therein shall not "be deemed to limit or preclude the recovery by Landlord from Tenant of the maximum amount allowed to be obtained as damages by any statute or rule of law," and that "[t]he right to invoke [certain enumerated] remedies . . . are cumulative [*sic*] and shall not preclude Landlord from invoking any other remedy allowed at law or in equity."

As to the general proposition, also cited by the defendant, that "[i]n an action by a landlord for breach by the tenant of a lease, the amount of the damage, prima facie, is the rent reserved" (*Tov Knitting Mills v Starr Realty Co.,* 148 AD2d 526, 527 [1989]), "this proposition contemplates circumstances in which the tenant did not remain in occupancy for the entire term of the lease" (*Lager Assoc. v City of New York,* 304 AD2d 718, 721 [2003]). It is not applicable where, as here, the damages alleged flow not from a shortfall in the occupancy, but rather from the tenant's alleged failure to timely complete its environmental cleanup obligations under the parties' lease.

The parties' remaining contentions either are without merit or are academic in light of our determination. Rivera, J.P., Lifson, Miller and Eng, JJ., concur.