15-1248-cv
*136 Field Point Circle Holding Co. v. Invar Int'l Holding, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand sixteen.

PRESENT:    CHESTER J. STRAUB,
            DENNY CHIN,
            SUSAN L. CARNEY,
                 *Circuit Judges*,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

136 FIELD POINT CIRCLE HOLDING COMPANY, LLC,
                 *Plaintiff-Counter-Defendant-Appellee*,

                          v.                                    15-1248-cv

INVAR INTERNATIONAL HOLDING, INC.,
                 *Defendant-Counter-Claimant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-COUNTER-          MITCHELL J. BAKER, Gary L. Leshko, Katie
DEFENDANT-APPELLEE:            R. Wendle, Baker Leshko Saline & Blosser,
                              LLP, White Plains, New York.

FOR DEFENDANT-COUNTER-         STEVEN FEIGENBAUM, Matthew D. Parrott,
CLAIMANT-APPELLANT:           Katten Muchin Rosenman LLP, New York,
                              New York.

Appeal from the United States District Court for the Southern District of New York (Woods, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-counter-claimant-appellant Invar International Holding, Inc. ("Invar") appeals a March 24, 2015 judgment of the United States District Court for the Southern District of New York, entered after the district court granted summary judgment in favor of plaintiff-counter-defendant-appellee 136 Field Point Circle Holding Company, LLC ("Field Point"), holding Invar liable under a guaranty. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

Invar is wholly owned by two individuals (the "Razinskis") and their daughter. In 2012, as part of a complex financing arrangement, the Razinskis agreed to lease property owned by Field Point in Greenwich, Connecticut, for $25,000 per month until June 30, 2013. In the lease (the "Lease"), the Razinskis agreed to a holdover payment of $1,000,000 in the event they overstayed the term of the Lease. Invar then entered into a guaranty agreement with Field Point (the "Guaranty") that provided, in pertinent part:

> The Guarantor hereby absolutely, unconditionally and irrevocably guarantees to Purchaser . . . the full, complete and timely payment, performance and satisfaction of each and every one of the liabilities and obligations of either or

both of the Razinskis under the Transaction Documents [including the Lease] . . . . It is expressly understood and agreed that this is a continuing guarantee and that the obligations of the Guarantor under this Guarantee is and shall be absolute under any and all circumstances, without regard to the validity, regularity or enforceability of the Transaction Documents [including the Lease]. . . .

App. at 52-53. The Razinskis did not vacate upon the expiration of the Lease, and Field Point filed this action below seeking $1,000,000 from Invar under the Guaranty. On March 19, 2015, the district court granted summary judgment in the amount of $1,000,000 to Field Point. This appeal followed.[1]

We review a grant of summary judgment *de novo*, viewing the record in the light most favorable to the non-moving party. *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015). To obtain summary judgment to enforce a written guaranty, "all that the creditor need prove is an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guaranty." *City of New York v. Clarose Cinema Corp.*, 256 A.D.2d 69, 71 (1st Dep't 1998). We interpret a guaranty "according to the plain meaning of its terms." *Greenfield v. Philles Records*, 98 N.Y.2d 562, 569 (2002).

---

[1] The Razinskis also brought an action in New York state court to resolve whether they were equitable owners of the property; Field Point counterclaimed that the Razinskis owed $1,000,000 under the liquidated damages clause. On July 15, 2015, during the pendency of Invar's appeal, the state court entered an order and judgment memorializing Field Point and the Razinskis' stipulation that the $1,000,000 liquidated damages clause was an unenforceable penalty. Interim Order and Judgment, *Razinski v. 136 Field Point Circle Holding Co.*, No. 652357/13 (N.Y. Sup. Ct. July 15, 2015).

On appeal, Invar argues that: (1) the underlying debt (the $1,000,000 payment, required by the liquidated damages clause) was an unenforceable penalty and (2) consequently the obligation is unenforceable under the Guaranty.

As to the liquidated damages clause, the "well established" New York rule is that "[a] contractual provision fixing damages in the event of breach will be sustained if the amount liquidated bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation." *Truck Rent-A-Ctr., Inc. v. Puritan Farms 2nd, Inc.*, 41 N.Y.2d 420, 425 (1977). "The burden is on the party seeking to avoid liquidated damages . . . to show that the stated liquidated damages are, in fact, a penalty." *JMD Holding Corp. v. Cong. Fin. Corp.*, 4 N.Y.3d 373, 380 (2005). Here, Invar argues that the $1,000,000 liquidated damages clause is disproportionate to the $25,000 monthly rent, the clause is not reasonably calculated to accommodate the extent of any breach, and actual damages would not be difficult to ascertain. Invar also asks us to take judicial notice of the state court stipulation whereby Field Point and the Razinskis agreed that the liquidated damages provision in the Lease constituted an unenforceable penalty. We need not decide whether the liquidated damages clause is enforceable, however, in light of our resolution of the second issue below.

As to the Guaranty, "broad, sweeping and unequivocal language" in an absolute and unconditional guaranty generally "forecloses any challenge to the enforceability and validity of the documents which establish defendant's liability for

- 4 -

payments arising under the [underlying] agreement, as well as to any other possible defense to his liability for the obligations." *Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v. Navarro*, 25 N.Y.3d 485, 494 (2015); *see Compagnie Financiere de CIC et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 188 F.3d 31, 35 (2d Cir. 1999) ("Absolute and unconditional guaranties have in fact been found to preclude guarantors from asserting a broad range of defenses under New York law.").  For instance, where a guaranty provides that it is "absolute and unconditional irrespective of . . . any lack of validity or enforceability of the agreement . . . or . . . any other circumstance which might otherwise constitute a defense," the guarantor is precluded from asserting a defense as to the "existence of a valid underlying debt." *Cooperatieve Centrale*, 25 N.Y.3d at 494-95 (internal quotation marks omitted).  In other words, this language forecloses "affirmative defenses and counterclaims." *Citibank, N.A. v. Plapinger*, 66 N.Y.2d 90, 92 (1985); *see Fed. Realty Ltd. P'ship v. Choices Women's Med. Ctr., Inc.*, 289 A.D.2d 439, 441 (2d Dep't 2001) (characterizing challenge to liquidated damages as "affirmative defense").

This case is indistinguishable from those cases.  Invar guaranteed "absolutely, unconditionally and irrevocably . . . each and every one of the liabilities and obligations of either or both of the Razinskis under the [Lease]" and agreed that its obligations "shall be absolute under any and all circumstances, without regard to the validity, regularity or enforceability of the [Lease]."  App. at 52-53.  These "plain terms,

in broad, sweeping and unequivocal language," bound Invar to the obligations recited in the Lease, regardless of whether the Lease or its provisions were enforceable as to the Razinskis. *Cooperatieve Centrale*, 25 N.Y.3d at 494. Even assuming the Lease's provision that required the Razinskis to pay Field Point $1,000,000 was an unenforceable penalty, Invar was foreclosed from challenging its obligation to ensure payment, and the district court thus did not err in granting summary judgment against it.

We have reviewed Invar's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk