Delajon Realty Corp. v I&D Glatt 2, Inc.

2026 NY Slip Op 02248

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Delajon Realty Corp., appellant,

v

I & D Glatt 2, Inc., respondent, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2024-13341, (Index No. 615876/22)

Hector D. Lasalle, P.J.

Cheryl E. Chambers

Paul Wooten

Helen Voutsinas, JJ.

Naidich Wurman LLP, Great Neck, NY (Robert P. Johnson of counsel), for appellant.

Koffsky Schwalb LLC, New York, NY (Steven A. Weg of counsel), for respondent and defendant.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for breach of a lease, the plaintiff appeals from an order of the Supreme Court, Nassau County (Felice J. Muraca, J.), entered November 7, 2024. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant I & D Glatt 2, Inc., and dismissing that defendant's counterclaim for an award of attorneys' fees.

ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant I & D Glatt 2, Inc., and dismissing that defendant's counterclaim for an award of attorneys' fees is granted.

The plaintiff commenced this action, inter alia, to recover use and occupancy pursuant to a lease agreement with the defendant I & D Glatt 2, Inc. (hereinafter the tenant). In an answer, the tenant asserted a counterclaim for an award of attorneys' fees. In an order entered November 7, 2024, the Supreme Court, among other things, denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the tenant and dismissing the tenant's counterclaim for an award of attorneys' fees. The plaintiff appeals.

The plaintiff and the tenant entered into a lease agreement for certain premises located in Nassau County on or about November 1, 2012, for a term ending on October 31, 2017. The lease stated that if the tenant failed to surrender the premises at the end of the lease, the tenant would be deemed a holdover tenant subject to the terms of the lease and would be liable to the plaintiff for use and occupancy at the amount of three times the fixed minimum rent during the last month of the lease term. The lease further provided that any actions by the plaintiff, including the acceptance of a lower amount of use and occupancy from the tenant, would not result in a waiver of the plaintiff's right to the full amount of the use and occupancy provided for in the lease.

"A complete, clear, and unambiguous agreement must be enforced according to the plain meaning of its terms" (PRG Assoc. Ltd. Partnership v Planet Organic Holding Corp., 205 AD3d 1058, 1059; see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162). Here, in support of its motion, the plaintiff demonstrated its prima facie entitlement to summary judgment on the issue of [*2]the tenant's breach of the holdover provisions in the lease by demonstrating that the lease's clear and unambiguous terms applied during the holdover period following the expiration of the lease term. Pursuant to these terms, the tenant became a holdover tenant after the expiration of the lease and was responsible for paying the plaintiff the additional use and occupancy at three times the amount of the last month's rent for the duration of the holdover period (see PRG Assoc. Ltd. Partnership v Planet Organic Holding Corp., 205 AD3d at 1059-1060; Deer Park Enters., LLC v Ail Sys., Inc., 57 AD3d 711, 712). The plaintiff further demonstrated that pursuant to the lease, it did not waive its right to collect the use and occupancy amount by accepting a lower monthly amount during the holdover period (see PRG Assoc. Ltd. Partnership v Planet Organic Holding Corp., 205 AD3d at 1060).

In opposition to the plaintiff's prima facie showing, the tenant failed to raise a triable issue of fact.

The Supreme Court also should have granted that branch of the plaintiff's motion which was for summary judgment dismissing the tenant's counterclaim for an award of attorneys' fees (see Matter of Part 60 Put-Back Litig., 36 NY3d 342, 361; Sammy Props., Inc. v Al Saleh Assoc., LLC, 225 AD3d 815, 817-818).

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against the tenant and dismissing the tenant's counterclaim for an award of attorneys' fees.

The plaintiff's remaining contention need not be reached in light of our determination.

LASALLE, P.J., CHAMBERS, WOOTEN and VOUTSINAS, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court