■ CIT GROUP/CREDIT FINANCE, INC., Respondent, v BARRY N. WEINSTEIN, Appellant, et al., Defendant. [690 NYS2d 36] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered March 12, 1998, which, upon the prior grant of plaintiff's motion for summary judgment, awarded plaintiff the total sum of $2,964,163.13, unanimously affirmed, with costs.

Defendant-appellant guaranteed payment of the financial obligations of the borrower, Fulton Computer Products and Programming Ltd. (Fulton), to plaintiff lender. Defendant's guarantee extended to all obligations of the borrower to

plaintiff "whether arising under the Financing Agreements or otherwise", and "whether arising before, during or after the initial or any renewal term of the Financing Agreements or after the commencement of any case with respect to the Borrower under the United States Bankruptcy Code". In view of the guarantee's broad scope, and particularly in view of its express application to obligations of the borrower arising after any bankruptcy filing by the borrower under the United States Bankruptcy Code, defendant was liable pursuant to the guarantee for unsatisfied debts incurred by Fulton to plaintiff, regardless of whether those debts arose before or after Fulton filed a voluntary petition in bankruptcy pursuant to chapter 11 of title 11 of the United States Code and assumed debtor-in-possession status. "While a guarantor's liability is strictly construed, fundamental principles of contract law are applicable and the guarantee contract should thus be interpreted to reflect the intentions of the parties" (*Chase Lincoln First Bank v Smith*, 144 AD2d 816, 817). Where, as here, "the intent of the parties can be determined from the face of the agreement, interpretation is a matter of law and the case is ripe for summary judgment" (*American Express Bank v Uniroyal, Inc.*, 164 AD2d 275, 277, *lv denied* 77 NY2d 807). Concur—Sullivan, J. P., Nardelli, Wallach, Andrias and Saxe, JJ.