■ BROOKLYN PENNSYLVANIA CVS, INC., Appellant-Respondent, v STARRETT CITY ASSOCIATES et al., Respondents-Appellants. [742 NYS2d 8] —Order, Supreme Court, New York County (Louis York, J.), entered July 11, 2001, which, in a declaratory judgment action between a commercial tenant and landlord involving the existence and effect of a lease assignment escalation clause, insofar as appealed from, granted the landlord's motion for summary judgment to the extent of declaring that the escalation clause was and continued to be in effect at the time the lease was assigned to the tenant in 1998, denied such motion insofar as it sought a declaration that the escalation was to commence as of a date tied to the original 1986 lease between the landlord and a predecessor tenant, and denied the tenant's cross motion for summary judgment seeking a declaration that the escalation clause was not in effect at the time the lease was assigned to it in 1998, or, if in effect, that the escalation was to commence as of a date tied to a 1996 amendment of the lease between the landlord and the tenant's immediate predecessor, unanimously affirmed, without costs.

In an action brought by the tenant for a declaration as to whether an escalation clause in the 1986 lease between the landlord and a predecessor tenant was carried over into 1995 and 1996 amendments with a successor predecessor tenant, and thereafter assumed under an assignment to the current tenant in 1998, the motion court correctly found that, based upon the repeated incorporations by reference of the 1986 lease and other language in the amendments, the escalation clause applied to the current tenancy. Contrary to the tenant's contention, *Dime Sav. Bank v Montague St. Realty Assoc.* (90 NY2d 539), where a purported lease amendment was found to constitute a new lease, is distinguishable from the amendments here for several reasons, including that it involved an attempt to impair the intervening rights of a third party by a significant change to be applied after termination of the initial lease that purportedly was amended. On this record, the motion court also correctly found an ambiguity, and therefore an issue of fact, as to the date from which the escalation clause was to be measured, since, among other reasons, "commencement date" as set forth in the 1986 lease was not a defined term to be necessarily carried over into subsequent agreements for all

purposes, but simply a statement as to the starting date of the 1986 lease term. Summary judgment was properly granted dismissing the tenant's unconscionability claim under Real Property Law § 235-c, since the tenant did not refute the landlord's evidence that the current rent, as adjusted by the landlord pursuant to its challenged interpretation of the escalation clause, is a fair market rent comparable to other rents in the same shopping center. Moreover, there was no disparity of bargaining power or other procedural infirmity in the tenant's acceptance of the assignment under which it assumed the lease obligations, including those under the escalation clause. In view of the foregoing, it is not necessary to address whether the unconscionability claim is time-barred. We have considered the parties' other contentions for affirmative relief and find them unavailing. Concur—Saxe, J.P., Buckley, Rosenberger, Friedman and Marlow, JJ.