■ 300 PARK AVENUE, INC., Respondent, v CAFÉ 49, INC., et al., Appellants. [933 NYS2d 274]—

The motion court properly found that Lee is personally liable for the postjudgment damages sought in the second cause of action pursuant to the terms of the guaranty he executed in June 1998, as well as the guaranty he subsequently executed in conjunction with a so-ordered stipulation.

In the initial guaranty, Lee unconditionally guaranteed defendant Café 49, Inc.'s "full and timely payment of all base rent, additional rent and all other sums payable by Tenant under the Lease during or attributable to any part of the Term." The guaranty further provided that the "Term" would end on the day after Café 49 completely vacated the premises, removed substantially all of its property, and delivered possession "together with all keys thereto." It is undisputed that the last condition was never satisfied and, thus, the motion court properly found Lee liable for damages until the end of the "Term," June 30, 2010, as set forth by the lease. We also reject

defendants' substantial compliance argument. Defendants failed to satisfy all three conditions as required by the guaranty. The terms were unambiguous. The interpretation of the terms presented a question of law for the court, which accorded those terms their plain and ordinary meaning (*see White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007]). Thus, contrary to defendants' contention, there is no question of fact regarding the interpretation of the guaranty.

We have considered defendants' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Friedman, Catterson and Freedman, JJ. **[Prior Case History: 2010 NY Slip Op 32469(U).]**