■ 250 WEST 78 LLC, Appellant-Respondent, v PILDES OF 83RD STREET, INC., Respondent-Appellant, and DAN PILDES, Respondent. [11 NYS3d 17]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered on or about April 8, 2014, which granted defendants' motion for summary judgment dismissing the complaint and all cross claims as against defendant Dan Pildes (Mr. Pildes), and dismissed the complaint as against Pildes of 83rd Street, Inc. (Pildes of 83rd) and Pildes of 83rd's counterclaim, unanimously reversed, on the law, without costs, the motion denied, the complaint reinstated as against Mr. Pildes and Pildes of 83rd, and Pildes of 83rd's counterclaim reinstated.

On November 19, 1996, Pildes of 83rd, by its president Mr. Pildes, leased premises from plaintiff's predecessor-in-interest. Paragraph 68 of the original lease contains a guaranty requiring Mr. Pildes to guarantee payment of Pildes of 83rd's rent and additional rent obligations as set forth in paragraphs 29 and 30 of the lease. Paragraph 29 of the lease, in turn, expressly requires Pildes of 83rd to pay rent and additional rent "which may come due during the term of this lease or any extension hereof." The guaranty further provided "that Landlord [plaintiff] may . . . , without releasing, affecting, or impairing the obligations and liabilities of Guarantor [Mr. Pildes], . . . modify or amend or change any provisions of this Lease."

The original lease was due to expire on November 30, 2006. On January 30, 2006, plaintiff and Pildes of 83rd entered into a two-page letter agreement that changed certain terms of the lease (e.g., the base rent) and said, "All other terms and conditions of the Lease shall remain in full force and effect during . . . the extended term," i.e., through November 30, 2009. Mr. Pildes signed the 2006 renewal as president of Pildes of 83rd. On May 9, 2008, plaintiff and Pildes of 83rd similarly extended the lease through November 30, 2014.

Mr. Pildes's guaranty remained effective through November 30, 2014 (*see e.g. Jones & Brindisi, Inc. v Breslaw*, 250 NY 147 [1928]; *Brooklyn Pa. CVS v Starrett City Assoc.*, 294 AD2d 108 [1st Dept 2002]). Contrary to defendants' contention, the increases in the rent in the 2006 and 2008 renewals did not relieve Mr. Pildes from his obligation as guarantor, because the guaranty expressly guaranteed rent and additional rent through any extended term and otherwise allowed for changes in its terms (*see White Rose Food v Saleh*, 292 AD2d 377, 378 [2d Dept 2002], *affd* 99 NY2d 589 [2003]; *see also Davimos v*

*Halle,* 60 AD3d 576 [1st Dept 2009], *lv denied* 13 NY3d 713 [2009]). Nor was the lease terminated by plaintiff upon the occurrence of an event of default.

Since defendants moved to dismiss the complaint as against Mr. Pildes only, and the parties' motion papers focused on the guaranty and did not discuss surrender by operation of law, Supreme Court did not have the authority to grant summary judgment to Pildes of 83rd dismissing the complaint as against it (*see Castlepoint Ins. Co. v Moore,* 109 AD3d 718, 719 [1st Dept 2013]), and neither do we (*see Dunham v Hilco Constr. Co.,* 89 NY2d 425 [1996]).

Supreme Court erred in dismissing Pildes of 83rd's counterclaim for the return of its security deposit on the grounds that plaintiff was entitled to apply the security deposit against outstanding rent and costs relating to Pildes of 83rd's default and that the security deposit had been subsumed by such rent and costs (*see Mr. Ham, Inc. v Perlbinder Holdings, LLC,* 116 AD3d 577, 579 [1st Dept 2014]).

Nor is Pildes of 83rd entitled to summary judgment on the counterclaim since, contrary to its contention, plaintiff did not admit that it had commingled the security deposit (*cf. Tappan Golf Dr. Range, Inc. v Tappan Prop., Inc.,* 68 AD3d 440, 440 [1st Dept 2009] [landlord "admitted that . . . it deposited (the security deposit) into its own corporate account," thereby "vest-(ing) in plaintiff an 'immediate right' to receive those monies"]). Concur—Sweeny, J.P., Renwick, Andrias, Moskowitz and Gische, JJ.