Paganini v 40 W. 127th St., LLC (2022 NY Slip Op 02366)

Paganini v 40 W. 127th St., LLC

2022 NY Slip Op 02366

Decided on April 12, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 12, 2022

Before: Renwick, J.P., Friedman, Moulton, Mendez, Pitt, JJ. 

Index No. 651548/21, 595254/21 Appeal No. 15692 Case No. 2021-04074 

[*1]Rebecca Paganini, et al., Plaintiffs,
v
40 West 127th Street, LLC, et al., Defendants.
40 West 127th Street, LLC, Third-Party Plaintiff-Appellant,
v
John Texter, et al., Third-Party Defendants-Respondents.

SDK Heiberger LLP, New York (Steven B. Sperber of counsel), for appellant.
Singh & Rani, LLP, New York (Bikram Singh of counsel), for respondents.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered on or about October 28, 2021, which granted third-party defendants' motion to dismiss the claims in the third-party complaint asserted under the respective guaranties, unanimously affirmed, with costs.
The motion court properly dismissed landlord's third-party complaint to enforce the guaranties where the terms of the respective guaranties applied to any "change . . . extension of time or renewals" of plaintiffs-tenants' 2018 lease with third-party plaintiff but did not extend to new lease agreements (Elite Gold, Inc. v TT Jewelry Outlet Corp., 31 AD3d 338, 340 [1st Dept 2006]). The landlord asserts that the guaranties apply because they provided they would "remain and continue in full force and effect as to any renewal, change or extension of the Lease" and the guaranties "will not be affected by any change in the Lease, whatsoever" even if the guarantors were not parties to these changes. However, because a guaranty must be construed strictly by its terms, a guarantor's obligations under the lease, and all extensions or renewals simply means a guarantor is responsible for the tenants' obligations during the initial term of the lease or during the term of the lease as expressly extended or renewed (see Lo-Ho LLC v Batista, 62 AD3d 558, 560 [1st Dept 2009]).
In this case, no express extension or renewal of the original lease ever took place. In fact, there was no option to renew or extend included in the December 2018 lease. The 2018 lease therefore effectively expired on August 31, 2019. Moreover, the subsequent two new leases gave no indication that they were "renewal" leases, and the 2020 lease added a new provision relating to early termination, under which defendant third-party plaintiff maintains it is entitled to damages under the guaranties. Under the circumstances, interpreting the guaranties in the strictest manner, we agree with the trial court that the lease signed in 2020 was not an extension of the 2018 lease that would permit third-party plaintiff to recover from third party defendants guarantors.
We have considered third-party plaintiff's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 12, 2022