35th St. Assoc. v Sasson (2023 NY Slip Op 05353)

35th St. Assoc. v Sasson

2023 NY Slip Op 05353

Decided on October 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2023

Before: Manzanet-Daniels, J.P., Rodriguez, Pitt-Burke, Higgitt, Rosado, JJ. 

Index No. 652839/21 Appeal No. 870 Case No. 2022-03786 

[*1]35th Street Associates, Plaintiff-Respondent,
v
Isaac Eshagh Sasson, Defendant-Appellant, $7 & Up Clothing Store, Inc. et al., Defendants.

Sean Sabeti, Great Neck, for appellant.
Gary J. Wachtel, New York, for respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered July 18, 2022, which, insofar as appealed from as limited by the briefs, granted the motion of plaintiff landlord 35th Street Associates (the landlord) insofar as it sought summary judgment on the cause of action for breach of contract as against individual defendant Isaac Eshagh Sasson and directed entry of judgment in the landlord's favor, unanimously affirmed, with costs.
In this action to recover rent due under a commercial lease, the landlord established its entitlement to summary judgment by submitting evidence that Sasson, who was an officer of defendant tenant $7 & Up Clothing Store, Inc., executed an absolute and unconditional guaranty of $7 & Up's rental obligations under a commercial lease and that $7 & Up defaulted on those obligations (see Second Source Funding, LLC v Yellowstone Capital, LLC, 144 AD3d 445, 446 [1st Dept 2016]; International Plaza Assoc., L.P. v Lacher, 104 AD3d 578, 579 [1st Dept 2013]). This evidence included an affidavit from the landlord's managing agent, averring that $7 & Up failed to comply with the lease by paying the entire rent due; the original lease; two modifications of the original lease, both executed by Sasson; guarantees executed by Sasson; and proof that Sasson defaulted — for example, a rent ledger showing no payments between January 2020 and October 2021 (see Chip Fifth Ave. LLC v Quality King Distrib., Inc., 158 AD3d 418 [1st Dept 2018], lv dismissed 32 NY3d 947 [2018]). Plaintiff also submitted attorney billing records supporting the award of counsel fees.
Sasson failed to preserve his contention that he did not guarantee the rental obligations under the subsequent lease agreements, as he failed to raise it before Supreme Court (see Shinn v Catanzaro, 1 AD3d 195, 197-198 [1st Dept 2003]). In any event, the two subsequent lease agreements expressly extended the terms of the original lease and the guaranty, and Sasson signed both subsequent lease agreements (see e.g. Paganini v 40 West 127th St., LLC, 204 AD3d 473, 474 [1st Dept 2022]; Lo-Ho LLC v Batista, 62 AD3d 558, 559-560 [1st Dept 2009]). Accordingly, Sasson cannot be heard to argue that he did not consent to the terms of the later agreements, including any rent increases (see 250 West 78 LLC v Pildes of 83rd St., Inc., 129 AD3d 405, 406-407 [1st Dept 2015]).
Under the circumstances presented, Supreme Court correctly determined that discovery was not warranted (see Reyes v Park, 127 AD3d 459, 462 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2023