Archives, L.L.C. v Volpe (2023 NY Slip Op 05354)

Archives, L.L.C. v Volpe

2023 NY Slip Op 05354

Decided on October 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2023

Before: Manzanet-Daniels, J.P., Rodriguez, Pitt-Burke, Higgitt, Rosado, JJ. 

Index No. 152158/21 Appeal No. 871-872 Case No. 2023-01016 2023-03468 

[*1]Archives, L.L.C., Plaintiff-Appellant,
v
Joseph Volpe, Defendant, Jeffrey Cohen, Defendant-Respondent 

Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Paul N. Gruber of counsel), for appellant.
Platte Klarsfeld & Levine, LLP, New York (Jeffrey H. Klarsfeld of counsel), for respondent.

Judgment, Supreme Court, New York County (Paul A. Goetz, J.), entered February 16, 2023, bringing up for review an order, same court and Justice, entered on or about January 31, 2023, which, to the extent appealed from, denied in part plaintiff's motion for summary judgment against defendant Jeffrey Cohen (guarantor), and granted in part defendant guarantor's cross-motion for summary judgment dismissing so much of the complaint as asserted against him for unpaid use and occupancy accruing after the April 30, 2020 expiration of the lease, unanimously affirmed, with costs. Appeal from the aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The court correctly determined that defendant guarantor was not liable for use and occupancy charges accruing after the end of the lease term, because plaintiff failed to establish that the underlying debt extended to those charges (see White Rose Food v Saleh, 99 NY2d 589, 591 [2003]; Paganini v 40 W. 127th St., LLC, 204 AD3d 473, 474 [1st Dept 2022]). Plaintiff served defendant tenant with a notice of expiration and nonrenewal of the lease and ordered tenant to vacate on or before June 30, 2020. While the guaranty provided for liability pursuant to supplemental agreements between plaintiff and tenant regarding the premises, it did not specifically cover a tenant holding over (see Lo-Ho LLC v Batista, 62 AD3d 558, 560 [1st Dept 2009]; 665-75 Eleventh Ave. Realty Corp. v Schlanger, 265 AD2d 270, 270-271 [1st Dept 1999]).
The lease does provide for payment of use and occupancy after expiration of the lease term at a rate of at least 125% of the last monthly rental rate. However, this provision is insufficient to hold defendant guarantor responsible for use and occupancy under the lease after it expires (see Elite Gold, Inc. v TT Jewelry Outlet Corp., 31 AD3d 338, 340 [1st Dept 2006]). Plaintiff does not satisfactorily explain how an existing term of the lease regarding potential post-lease use and occupancy qualifies as a separate supplemental agreement as defined in the guaranty.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2023