| |
|---|
| **Cordova v East Point Bldrs. Corp.** |
| 2024 NY Slip Op 31020(U) |
| March 27, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154834/2022 |
| Judge: Lori S. Sattler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LORI S. SATTLER**

*Justice*

PART      **02M**

---------------------------------------------------------------------------X

DARWIN CORDOVA,

         Plaintiff,

- v -

EAST POINT BUILDERS CORP, DAVID HAMAMOTO, MARTHA HAMAMOTO, HAMPTONS BUILDING DESIGN, INC.,MJS INTERIORS CORP., MARQUEZ CONSTRUCTOR CORP. D/B/A MARQUEZ DRYWALL & TAPING, MARQUEZ DRYWALL INC.,MAC-LAD CORP.,

         Defendant.

---------------------------------------------------------------------------X

HAMPTONS BUILDING DESIGN, INC.

         Plaintiff,

-against-

PUCCIO ELECTRIC CONTRACTING, INC.

         Defendant.

---------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 154834/2022 |
| **MOTION DATE** | 01/25/2024 |
| **MOTION SEQ. NO.** | 001 |

## DECISION + ORDER ON MOTION

Third-Party
Index No. 595791/2023

The following e-filed documents, listed by NYSCEF document number (Motion 001) 44, 45, 46, 47, 48, 49, 50, 51, 52, 59, 60, 61, 62, 63, 64, 65, 66

were read on this motion to/for             JUDGMENT - SUMMARY      .

      In this Labor Law action, Third-Party Defendant Puccio Electric Contracting Inc. ("Puccio") moves for an Order granting summary judgment dismissing the Third-Party Complaint pursuant to CPLR 3212. Defendant/Third-Party Plaintiff Hamptons Building Design Inc. ("Hamptons") partially opposes the motion.

      This action was commenced after a purported worksite accident in Water Mill, New York on March 16, 2022 when Plaintiff injured his leg. At the time of the alleged incident, Hamptons had been retained as the general contractor of the project. It subsequently retained Puccio for

**154834/2022 CORDOVA, DARWIN vs. EAST POINT BUILDERS CORP ET AL**
**Motion No. 001**

Page 1 of 4

1 of 4

[* 1]

electrical contracting work and Plaintiff was an employee of Puccio at the time (NYSCEF Docs. 48,49).

Puccio maintains that the third-party action must be dismissed because Plaintiff did not suffer a "grave injury" within the meaning of Workers' Compensation Law § 11.  Puccio further claims that dismissal is appropriate because there was no valid contract between Puccio and Hamptons at the time of Plaintiff's alleged incident.  Hamptons concedes that Plaintiff has not sustained a grave injury and that Puccio is entitled to dismissal of their common law indemnification and contribution claims.  Accordingly, the Court dismisses Hamptons' third and fourth causes of action for common law indemnification and contribution on consent.

Hamptons opposes dismissal of the remaining causes of action, arguing that dismissal is not warranted with respect to its contractual indemnification and contribution claims, as well as its cause of action for breach of contract for failing to procure insurance.  It annexes a one-page document signed by Puccio and Hamptons entitled "SUBCONTRACTOR LUMP SUM PARTIAL AFFIDAVIT OF PAYMENT, WAIVER AND RELEASE" (NYSCEF Doc. 49).  It contends that this agreement indicates that it was for all work through January 10, 2022, and that it contains specific language that Puccio "agrees to defend and hold harmless the . . . Contractor from and against all liens, claims, court actions, losses, or damages of whatever kind asserted by whomever arising out of the work performed" (*id.*).  It further asserts that the agreement "does not set forth Puccio's obligation to provide defense and indemnification ends on 1/10/22" (NYSCEF Doc. 60, Affirmation in Opposition).

Hamptons additionally claims that summary judgment must be denied because discovery has not been completed.  It does not, however, assert that there are additional agreements between the parties and did not produce one in response to Puccio's Demand.  Lastly, Hamptons

**154834/2022   CORDOVA, DARWIN vs. EAST POINT BUILDERS CORP ET AL**
**Motion No.  001**

**Page 2 of 4**

asserts that Puccio breached the contract by failing to procure insurance. It notes that Puccio obtained insurance but only named them as additional insured.

A party seeking summary judgment pursuant to CPLR 3212(b) "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Failure to make such a showing requires denial of the motion (*Winegrad v New York Univ. Med. Center*, 64 NY2d 851, 853 [1985]).

Where the intent of the parties to a contract "can be determined from the face of the agreement, interpretation is a matter of law and the case is ripe for summary judgment" (*CIT Group/Credit Fin. Inc. v Weinstein*, 261 AD2d 203, 204 [1st Dept 1999], quoting *American Express Bank of Uniroyal, Inc.*, 164 AD2d 275, 277 [1st Dept 1990]). However, where "the language of a contract is ambiguous, its construction presents a question of fact which may not be resolved by the court on a motion for summary judgment" (*NFL Enters. LLC v Comcast Cable Communications, LLC*, 51 AD3d 52, 61 [1st Dept 2008], quoting *Pepco Constr. of N.Y., Inc. v CAN Ins. Co.*, 15 AD3d 464, 465 [2d Dept 2005]). When interpreting a contract, the court should accord words their fair and reasonable meaning with the aim of practically interpreting the parties' expressions such that their reasonable expectations are realized (*Dreisinger v Teglasi*, 130 AD3d 524, 527 [1st Dept 2015], quoting *Duane Reade, Inc. v Cardtronics, LP*, 54 AD3d 137, 140 [1st Dept 2008]; *see also Strong v Dubin*, 75 AD3d 66 [1st Dept 2010]).

The Court finds that the agreement is clear on its face as to the issue of duration. It states that it is "[e]ffective for all work through: 1/10/22" and specifically states that this is the "End Date" for the obligations set forth in the agreement. In addition, where the agreement addresses the contractual indemnification and contribution obligations, it states that this is for work

**154834/2022   CORDOVA, DARWIN vs. EAST POINT BUILDERS CORP ET AL**
**Motion No. 001**

**Page 3 of 4**

3 of 4

"arising out of the work performed through the above specified End Date except as follows: NO EXCEPTIONS" (NYSCEF Doc. 49). Based on a review of the agreement, its terms are clear and unambiguous and support the contention that all of Puccio's obligations set forth in the agreement concluded on January 10, 2022. Accordingly, the Third-Party Complaint is dismissed in its entirety.

All matters not decided herein are hereby denied.

This constitutes the Decision and Order of the Court.

| **3/27/2024** | | | | |
|---|---|---|---|---|
| **DATE** | | | **LORI S. SATTLER, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**154834/2022   CORDOVA, DARWIN vs. EAST POINT BUILDERS CORP ET AL**          **Page 4 of 4**
**Motion No.  001**

4 of 4

[* 4]