## BR 52 LLC v Fashioning Diffusion LLC

2025 NY Slip Op 30747(U)

March 4, 2025

Supreme Court, New York County

Docket Number: Index No. 655200/2021

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:**     **HON. JUDY H. KIM** | **PART**        **04** |
| *Justice* | |

-------------------------------------------------------------------------X

BR 52 LLC,

                        Plaintiff,

                 - v -

FASHIONING DIFFUSION LLC, ANTE PLANINIC,

                        Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 655200/2021 |
| **MOTION DATE** | 06/28/2022 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 53, 54, 55, 56, 57, 58, 59, 60, 61

were read on this motion for                JUDGMENT - SUMMARY       .

Upon the foregoing documents, plaintiff's motion for summary judgment is granted on default and for the reasons set forth below.

Plaintiff BR 52 LLC is the owner of a commercial unit in the 135 West 52nd Street Condominium located at 133 West 52nd Street in Manhattan (the "Unit"). On or about December 24, 2019, plaintiff and defendant Fashioning Diffusion LLC ("Tenant") entered into an "Office Lease" (the "Lease") in which Tenant leased a portion of the Unit (the "Premises") from plaintiff. Simultaneously with the execution of the Lease, defendant Ante Planinic (the "Guarantor") executed a guaranty of Tenant's monetary obligations under the Lease, dated December 24, 2019 (the "Guaranty").

On August 26, 2021, plaintiff BR 52 LLC commenced this action, alleging that it terminated the Lease on August 10, 2021, based upon Tenant's failure to deposit the balance of the security deposit due under that Lease, and that Tenant has held over in the Premises beyond

[* 1]

the termination date (NYSCEF Doc No. 1, Complaint). Plaintiff asserts causes of action for: (1) ejectment; (2) breach of lease against the Tenant; (3) breach of guaranty against the Guarantor; and (4) attorneys' fees against Tenant and Guarantor (*id.*).

Defendants interposed an Answer asserting counterclaims for: (1) a declaratory judgment that Tenant remains entitled, under the Lease, to surrender the Premises after plaintiff's August 10, 2021 termination of the Lease, and that Tenant's liabilities under paragraph 24.2 of the Lease would end after such surrender; (2) a declaratory judgment that the Guarantor is not liable for any default by Tenant between March 7, 2020 and June 30, 2021, pursuant to Administrative Code §22-1005 (the "Guaranty Law") or to guarantee Tenant's obligations under the Lease after Tenant's future surrender; (3) breach of contract, based upon plaintiff's alleged breach of sections 9.3, 10.1, and 11.4 of the Lease (NYSCEF Doc. No. 9, Amended Answer). Defendants also assert various affirmative defenses including impossibility, frustration of purpose, RPL §227, unconscionability, waiver, and estoppel (*id.*).

Plaintiff now moves for summary judgment on its second, third, fourth, and fifth causes of action. In connection with its motion, plaintiff represents that Tenant left the Premises on November 30, 2021, but "failed to vacate the Premises in the condition required by the terminated Lease" (NYSCEF Doc No. 14, Lahmi aff. at ¶64]). Defendants have not submitted opposition to the motion.

## DISCUSSION

Plaintiff's motion is granted. "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers. Once this

655200/2021   BR 52 LLC vs. FASHIONING DIFFUSION LLC ET AL                    Page 2 of 8
  Motion No.  001

2 of 8

[* 2]

showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986] [internal citations omitted]).

As to its first cause of action, plaintiff has established Tenant's breach of the Lease through its submission of the Lease (NYSCEF Doc No. 19), and the affidavit of Ariel Lahmi, the Chief Executive Officer of plaintiff's managing member, Beekman Raim LLC (NYSCEF Doc No. 14, Lahmi aff.) attesting to the Tenant's failure to pay rent and additional rent due under the Lease (*See e.g., Thor Gallery at S. Dekalb, LLC v Reliance Mediaworks (USA) Inc.*, 143 AD3d 498, 498-99 [1st Dept 2016]). Specifically, plaintiff has established that unpaid rent and additional rent under the Lease from March 2021 through June 2022 totals $281,601.74.[1] As this amount was incurred at various times, statutory interest shall accrue on this amount from an intermediate date between March 1, 2021, and June 30, 2022, i.e. October 29, 2021 (CPLR 5001[b]). To the extent plaintiff may be entitled to further damages under the Lease from July 1, 2022 to the date of this decision and order, the determination of this amount is referred to the Special Referee.

As to its second cause of action, plaintiff has established the Guarantor's breach of the Guaranty through submission of that Guaranty, which absolutely and unconditionally guarantees Tenant's obligations under the Lease, and proof of the Tenant's default under that Lease and Guarantor's failure to honor Tenant's obligations (*see L. Raphael NYC CI Corp. v Solow Bldg. Co., L.L.C.*, 206 AD3d 590, 592-593 [1st Dept 2022]). Finally, plaintiff has established its entitlement to attorneys' fees from the Tenant and Guarantor under Article 19 of the Lease and

---

[1] The Court declines to accept the calculations of rent and additional rent accruing since this motion was sub judice, which were submitted by plaintiff as part of proposed orders without accompanying affidavits from a witness with personal knowledge.

655200/2021   BR 52 LLC vs. FASHIONING DIFFUSION LLC ET AL
Motion No.  001

Page 3 of 8

3 of 8

[* 3]

section 11 of the Guaranty, respectively. However, as plaintiff has not submitted any evidence documenting its reasonable attorneys' fees, the determination of same is also referred to the Special Referee.

That branch of plaintiff's motion for summary judgment dismissing defendants' counterclaims is also granted. Defendants' counterclaim for a declaratory judgment that Tenant is entitled to serve a Surrender Notice after plaintiff's termination of the Lease has no merit, as the Tenant no longer has a tenancy to surrender. Similarly, defendants' counterclaim for a declaratory judgment that Guarantor will be released from liability after Tenant's surrender is dismissed since the first prerequisite for such a release—Tenant's surrender on ninety days' prior notice—cannot be satisfied (*see e.g. 300 Park Ave., Inc. v Cafe 49, Inc.*, 89 AD3d 634, 634-35 [1st Dept 2011]). Defendants' counterclaim for a declaratory judgment that the Guarantor is not liable for any default by Tenant between March 7, 2020, and June 30, 2021, pursuant to Administrative Code §22-1005, is also dismissed. The statute does not apply to the office lease at issue here[2] (*see e.g. 450 7th Ave. Assoc. LLC v T. S. Anand & Co. CPA's, P.C.*, 2022 NY Slip Op 31072[U], 5 [Sup Ct, NY County 2022]; *see also Walsam 47th St LLC v Sett*, 2022 NY Slip Op. 30725[U], 4 [Sup Ct, NY County 2022]). Defendants' counterclaim for breach of contract is also dismissed, given Tenant's concession in the First Amendment to the Lease, dated February 2, 2021, that plaintiff was not in default of its obligations thereunder and that Tenant "had no offsets, counterclaims, or defenses to the payment of Rent" (NYSCEF Doc. No. 23, First Amendment to Lease at §3) and offers no evidence to the contrary in connection with this motion.

---

[2] While various courts of this State have been persuaded by the United States District Court for the Southern District's conclusion in *Melendez v City of New York* (668 F Supp3d 184 [SDNY 2023]) that the Guaranty Law violates Article 1, Section 10, of the United States Constitution (*see 513 W. 26th Realty, LLC v George Billis Galleries, Inc.*, 2024 NY Slip Op 34531[U] at fn 5 [Sup Ct, NY County 2024] [collecting cases]), the Court need not reach this issue under the circumstances presented here (*see In re Dora P.*, 68 AD2d 719, 729 [1st Dept 1979] ["constitutional questions should not be reached unless there is need for their determination to resolve the issue at hand and the question is squarely presented"]).

**655200/2021 BR 52 LLC vs. FASHIONING DIFFUSION LLC ET AL** **Page 4 of 8**
 **Motion No. 001**

Defendants' affirmative defenses are also dismissed. As discussed above, Administrative Code §22-1005 does not apply here (*see 75 Commercial, LLC v Sung An*, 209 AD3d 574, 574-75 [1st Dept 2022]). Neither do the doctrines of frustration of purpose and impossibility due to the COVID-19 pandemic (*see Fives 160th, LLC v Zhao*, 204 AD3d 439, 440 [1st Dept 2022]) or RPL §227, which outlines a tenant's recourse when the destruction of a building rendering it untenantable, apply. Plaintiff, as a commercial lessor, has no duty to mitigate its damages as a matter of law (*see Sage Realty Corp. v Kenbee Mgmt.-New York, Inc.*, 182 AD2d 480 [1st Dept 1992]) or any such obligation under the Lease (*see Holy Properties Ltd., L.P. v Kenneth Cole Productions, Inc.*, 87 NY2d 130, 134 [1995]). Defendants' affirmative defense that plaintiff has breached the Lease is dismissed for the same reasons underlying the dismissal of their counterclaim for breach of contract. Finally, defendants' remaining defenses—failure to exhaust all necessary administrative remedies, waiver and estoppel, and unconscionability—are conclusory and dismissed on that basis (*Kronish Lieb Weiner & Hellman LLP v Tahari, Ltd.*, 35 AD3d 317, 319 [1st Dept 2006]).

Accordingly, it is

**ORDERED** that plaintiff's first cause of action for ejectment is denied as moot; and it is further

**ORDERED** that plaintiff's motion for summary judgment on its second, third, fourth, and fifth causes of action is granted; and it is further

**ORDERED** that defendants' counterclaims and affirmative defenses are dismissed; and it is further

**ORDERED** that, as to the second cause of action, plaintiff is granted a judgment as against Fashioning Diffusion LLC, in the amount of $281,601.74, with interest at the statutory rate from

655200/2021   BR 52 LLC vs. FASHIONING DIFFUSION LLC ET AL
Motion No.  001

Page 5 of 8

5 of 8

October 29, 2021, until the date of entry of this judgment, as calculated by the Clerk, together with costs and disbursements to be taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further

**ORDERED** that, as to the third cause of action, plaintiff is granted a judgment against Ante Planinic in the amount of $281,601.74, with interest at the statutory rate from October 29, 2021, until the date of entry of this judgment, as calculated by the Clerk, together with costs and disbursements to be taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further

**ORDERED** that the issues of: (1) amount of rent and additional rent which accrued from July 1, 2022 to the date of this judgment under the terms of the Lease and Guaranty; and (2) the amount of reasonable attorneys' fees are referred to a Special Referee to hear and report with recommendations, except that, in the event and upon the filing of a stipulation of the parties, as permitted by CPLR 4317, the Special Referee, or another person designated by the parties to serve as referee, shall determine the aforesaid issues; and it is further

**ORDERED** that the powers of the JHO/Special Referee shall not be limited beyond the limitations set forth in the CPLR; and it is further

**ORDERED** that this matter is hereby referred to the Special Referee Clerk (Room 119, 646-386-3028 or spref@nycourts.gov) for placement at the earliest possible date upon the calendar of the Special Referees Part (Part SRP), which shall assign this matter at the initial appearance to an available JHO/Special Referee to hear and report as specified above; and it is further

**ORDERED** that counsel shall immediately consult one another and counsel for plaintiff shall, within fifteen days from the date of this order, submit to the Special Referee Clerk by fax (212-401-9186) or e-mail an Information Sheet (accessible at the "References" link on the court's

**655200/2021   BR 52 LLC vs. FASHIONING DIFFUSION LLC ET AL**   **Page 6 of 8**
  **Motion No.  001**

6 of 8

[* 6]

website) containing all the information called for therein and that, as soon as practical thereafter, the Special Referee Clerk shall advise counsel for the parties of the date fixed for the appearance of the matter upon the calendar of the Special Referees Part; and it is further

**ORDERED** that the plaintiff shall serve a proposed accounting within twenty-four days from the date of this order and the defendant shall serve objections to the proposed accounting within twenty days from service of plaintiffs papers and the foregoing papers shall be filed with the Special Referee Clerk prior to the original appearance date in Part SRP fixed by the Clerk as set forth above; and it is further

**ORDERED** that the parties shall appear for the referenced hearing, including with all witnesses and evidence they seek to present, and shall be ready to proceed with the hearing, on the date fixed by the Special Referee Clerk for the initial appearance in the Special Referees Part, subject only to any adjournment that may be authorized by the Special Referees Part in accordance with the Rules of that Part; and it is further

**ORDERED** that, except as otherwise directed by the assigned JHO/Special Referee for good cause shown, the trial of the issue(s) specified above shall proceed from day to day until completion and counsel must arrange their schedules and those of their witnesses accordingly; and it is further

**ORDERED** that counsel shall file memoranda or other documents directed to the assigned JHO/Special Referee in accordance with the Uniform Rules of the Judicial Hearing Officers and the Special Referees (available at the "References" link on the court's website) by filing same with the New York State Courts Electronic Filing System (see Rule 2 of the Uniform Rules); and it is further

**655200/2021   BR 52 LLC vs. FASHIONING DIFFUSION LLC ET AL**                    **Page 7 of 8**
  **Motion No.  001**

[* 7]

7 of 8

**ORDERED** that any motion to confirm or disaffirm the Report of the JHO/Special Referee shall be made within the time and in the manner specified in CPLR 4403 and Section 202.44 of the Uniform Rules for the Trial Courts; and it is further

**ORDERED** that plaintiff shall, within ten days of the date of this decision and order, serve a copy of this decision and order with notice of entry upon defendants as well as the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to enter judgment accordingly; and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "EFiling" page on this court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision and order of the Court.

| | | | |
|---|---|---|---|
| **3/4/2025** | | | |
| **DATE** | | **HON. JUDY H. KIM, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | X | REFERENCE |

**655200/2021   BR 52 LLC vs. FASHIONING DIFFUSION LLC ET AL**
**Motion No.  001**

**Page 8 of 8**

8 of 8