S Klein Family L.L.C. v Deratafia (2025 NY Slip Op 01780)

S Klein Family L.L.C. v Deratafia

2025 NY Slip Op 01780

Decided on March 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 25, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, Higgitt, JJ. 

Index No. 652391/22|Appeal No. 3965|Case No. 2023-05759|

[*1]S Klein Family L.L.C., Respondent,
v
Lance Deratafia, Appellant.

David S. Schwartz Law, PLLC, New York (David S. Schwartz of counsel), for appellant.
Braverman Greenspun, New York (Cheryl Ginsburg of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Gerald Lebovits, J.), entered September 22, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff-landlord's motion for summary judgment on its cause of action for a judgment pursuant to the guaranty and its cause of action for legal fees pursuant to the guaranty and awarded plaintiff $78,786.80, with interest at the rate of 18% from January 1, 2022, plus costs, disbursements, and attorneys' fees, unanimously affirmed, without costs.
On March 9, 2017, plaintiff, as landlord, entered into a written lease with Genius Preparatory Services LLC (GPS), as tenant, for suite #903, in the building located at 24-32 Union Square East, New York, NY. The lease term was to commence on March 15, 2017, and end on June 30, 2019. Defendant signed the lease on behalf of GPS. On the same date defendant signed a "Limited Guaranty", in his individual capacity, guaranteeing all of tenant's obligations under the lease.
Pursuant to paragraph 6 of the Guaranty, it was "irrevocable, continuing, indivisible and unconditional." Pursuant to paragraph 7 payment was due without notice or demand. Pursuant to paragraph 2 "the Guaranty shall remain and continue in full force and effect and shall not be discharged in whole or in part notwithstanding (whether prior or subsequent to the execution hereof) any alteration, renewal, extension, modification, amendment or assignment of, or subletting, concession, franchising, licensing or permitting under the lease."
On April 10, 2019, prior to the expiration of the lease, plaintiff as landlord, and GPS and Union Square Tutoring LLC (UST), as tenant, entered into a "Lease Modification Agreement" for the premises. Defendant signed the lease modification agreement on behalf of both GPS and UST. The lease modification agreement extended the term of the lease to June 30, 2022, and increased the monthly rent and provided for additional security. It stated at paragraph 3 "except where expressly modified by this agreement all other terms and conditions of the lease remain in full force and effect and are hereby reasserted and reaffirmed."
Upon vacating the premises on July 1, 2022, the tenant owed $78,786.80 in rent and additional rent. Plaintiff commenced this action for judgment pursuant to the Guaranty for rent arrears due and owing through June 30, 2022, under the lease and lease modification agreement and for legal fees. After joinder of issue plaintiff moved for summary judgment. Supreme Court properly granted plaintiff's motion for summary judgment because the increases in the rent in the Lease Modification Agreement and addition of a second tenant did not relieve defendant of his obligations as guarantor under the guaranty of the lease. The guaranty provides that it "shall remain and continue in full force and effect" as to any "alteration, renewal, extension, [or] modification" of the lease (see 250 W. 78 LLC v Pildes of 83rd St., Inc[*2]., 129 AD3d 405, 406-407 [1st Dept 2015], lv dismissed 26 NY3d 1081 [2015]; Boulevard Mall v Knight, 300 AD2d 1017, 1019 [4th Dept 2002]). As such, defendant remains liable for all obligations of the tenant and any and all entities who occupy the premises under the lease, as modified by the lease modification agreement.
The lease modification agreement, by its plain terms, constitutes a modification of the then unexpired, existing lease (compare Paganini v 40 W. 127th St., LLC, 204 AD3d 473, 474 [1st Dept 2022]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2025