64 W. 10th St. LLC v L-Ray LLC (2026 NY Slip Op 00466)

64 W. 10th St. LLC v L-Ray LLC

2026 NY Slip Op 00466

Decided on February 03, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 03, 2026

Before: Webber, J.P., Kennedy, Mendez, Rodriguez, Michael, JJ. 

Index No. 650670/22|Appeal No. 5719|Case No. 2024-03058|

[*1]64 West 10th Street LLC, Plaintiff-Appellant,
vL-Ray LLC, Doing Business as ALTA, et al., Defendants-Respondents, John Doe, et al., Defendants.

Judith M. Brener, New York (Bension D. DeFunis of counsel), for appellant.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered March 29, 2024, which, to the extent appealed from, denied plaintiff's motion for summary judgment against defendants on their fourth, sixth, and seventh causes of action, and granted defendants' cross-motion for summary judgment dismissing the complaint as against Christopher Chestnutt, unanimously reversed, on the law, without costs, and plaintiff's motion for summary judgment granted.
Supreme Court erred in finding defendant Christopher Chestnutt not liable under the guaranty he executed in 2001. When a creditor seeks summary judgment on a guaranty, "the creditor need prove no more than an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guarantee" (Kensington House Co. v Oram, 293 AD2d 304, 305 [1st Dept 2002]; see also Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [2015]); thereafter, the burden shifts to the defendant/guarantor to establish, by admissible evidence, "the existence of a triable issue with respect to a bona fide defense" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Robabank Intl.," N.Y. Branch, 25 NY3d at 492). "A guaranty of a tenant's obligations under a lease must be strictly interpreted in order to assure its consistency with the lease terms to which the guarantor actually consented" (404 Park Partners, L.P. v Lerner, 75 AD3d 481, 482 [1st Dept 2010]). Nevertheless, "fundamental principles of contract law are applicable and the guarantee contract should thus be interpreted to reflect the intentions of the parties" (CIT Group/Credit Fin. v Weinstein, 261 AD2d 203, 204 [1st Dept 1999]).
Here, plaintiff 64 West 10th Street LLC established a prima facie case for enforcement of the guaranty by submitting evidence that defendant Christopher Chestnutt, who owned a membership interest in defendant-tenant L-Ray LLC, executed a guaranty of L-Ray's rental obligations under a commercial lease, and that L-Ray defaulted on those obligations (see Davimos v Halle, 35 AD3d 270, 272 [1st Dept 2006]). While the guaranty was executed by Chestnutt in 2001 pursuant to a prior lease that expired in March 2018, Chestnutt guaranteed L-Ray's obligations under the lease "until delivery of vacant possession of the demised premises to Landlord," which did not occur until June 27, 2024 (see 300 Park Ave., Inc. v CafÉ 49, Inc., 89 AD3d 634, 634-635 [1st Dept 2011]). Moreover, upon expiration of the prior lease, Chestnutt signed a new lease agreement with 64 West in order for L-Ray to continue its tenancy (see 35th St. Assoc. v Sasson, 220 AD3d 559, 559 [1st Dept 2023]; cf. Lo-Ho LLC v Batista, 62 AD3d 558, 560 [1st Dept 2009]). For these reasons, Chestnutt's attempts to raise a triable issue of fact as to the enforceability of the guaranty are unavailing.
The court also erred in denying 64 West attorneys' fees. The new lease executed in 2018 specifically stated that the "covenants and conditions" of the original lease "shall remain the same." The original lease expressly provided for recovery of costs and fees arising from an action to enforce the lease terms, including payment of rent (see Atlantis Mgt. Group II LLC v Nabe, 177 AD3d 542, 543 [1st Dept 2019] [awarding costs and attorneys' fees pursuant to operating agreements]; Matter of Toussie v Coastal Dev., LLC, 161 AD3d 533, 533 [1st Dept 2018]). Accordingly, 64 West is entitled to summary judgment on its claim for attorneys' fees.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2026